# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:23-cv-2186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION TO RESCHEDULE SCHEDULING CONFERENCE

Before the Court is pro se Defendant Dennis Michael Philipson's Motion to Reschedule Scheduling Conference Pursuant to Rule 16(b), filed September 5, 2023. (ECF No. 35.) The motion seeks to reschedule the conference currently set for September 11, 2023. The same day of Mr. Philipson's filing, the Court entered a deficiency notice, explaining that the motion failed to include a certificate of consultation consistent with Local Rule 7.2(a)(1)(B). (ECF No. 36.) Mr. Philipson then filed what he characterized as a clarification regarding the deficiency (ECF No. 37) and a corrected clarification (ECF No. 38), both on September 5.

In the corrected clarification, Mr. Philipson explains that his "primary focus is to guarantee that the concerns raised in my Motion to Dismiss (Docket No. 33) are adequately considered before proceeding to any scheduling conferences." (ECF No. 38 at PageID 380.)[1] Mr. Philipson also reiterates the basis for his original request for a continuance, namely that his son was born July 25, 2023, spent nine days in the neonatal intensive care unit and that "[s]ince

---

[1] Mr. Philipson filed his motion to dismiss on August 30, 2023, and an amended motion to dismiss on September 2, 2023. (ECF Nos. 31 & 33.) Plaintiff's deadline to respond to the motion has yet to run.

his release, my primary focus has been attending to his medical needs and overall well-being." (ECF No. 35 at PageID 362.)  Mr. Philipson also asserts that his son's birth and hospital stay "has severely limited my ability to adequately prepare for the scheduling conference." (Id.)  In his motion, Mr. Philipson also requests that the scheduling conference be converted from a remote proceeding to in-person.  (Id. at PageID 362, 363.)[2]  Although Mr. Philipson's filings articulate multiple reasons for a continuance, none of them provide good cause.  For the reasons explained below, his motion is **DENIED**.

Federal Rule of Civil Procedure 16 governs pretrial conferences, scheduling and case management.  Under the Rule, a "judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).[3]  "The rules make no mention of a requirement that the Court rule on pending motions or that Defendants file an answer before the Court conducts a [case management conference]." Allen v. Stark State Coll., No. 5:17CV02706, 2019 WL 3387772, at *5 (N.D. Ohio July 26, 2019).

The Court is not persuaded by Mr. Philipson's stance that it must rule on his Motion to Dismiss before holding the scheduling conference.  He asserts that "addressing the[]

---

[2] Although Mr. Philipson, who lists his address as being in Alexandria, Virginia, indicates he has a "strong preference for in-person conferences," not only do judges in the Western District of Tennessee routinely conduct remote scheduling conferences, but also "a district court has broad discretion to manage its docket." Am. C.L. Union of Kentucky v. McCreary Cnty., Ky., 607 F.3d 439, 451 (6th Cir. 2010) (citing Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)); Parchman v. SLM Corp., No. 2:15-cv-02819-JTF-cgc, 2018 WL 11416566, at *1 (W.D. Tenn. July 3, 2018).

[3] Here, Mr. Philipson was personally served with the summons on June 14, 2023, (ECF No. 20 at PageID 296), which makes September 12, 2023, ninety days from the date of service.

foundational issues concerning the case's validity and substance is imperative before advancing to procedural matters." (ECF No. 38 at PageID 380.) As a starting point, without addressing the merits of Mr. Philipson's amended Motion to Dismiss, it appears to rely on similar arguments and legal authority that the Court previously rejected in denying his Motion to Quash Subpoena. (See ECF No. 15.) More important, Mr. Philipson provides no means of distinguishing this case from the many others where the Court has conducted scheduling conferences while a motion to dismiss was pending. The Court finds that a ruling on Mr. Philipson's Motion to Dismiss is not necessary prior to conducting the scheduling conference.

As to Mr. Philipson's assertion that the scheduling conference should be continued based on the recent birth of his son and the boy's nine-day stay in the NICU, the Court is sympathetic to Mr. Philipson's parenting obligations. However, the Court and the parties to this action are bound by the guidance that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Conducting the scheduling conference in this matter is a necessary step toward ensuring that the Court abide by this fundamental directive.

In any event, it is not clear what granting Mr. Philipson's motion and continuing the scheduling conference would accomplish. Mr. Philipson asserts that he needs additional time to prepare for the scheduling conference, but to date he has failed to satisfy his obligations to prepare for the scheduling conference. On August 1, 2023, the Court entered its setting letter in this matter instructing the parties to discuss the schedule and other matters, explaining that "the parties shall, at least twenty-one (21) days prior to the Rule 16 scheduling conference, meet for discussion and the preparation of a proposed discovery plan that outlines the discovery you need in this case." (ECF No. 23 at PageID 311 (citing Fed. R. Civ. P. 26(f)).) Plaintiff represents that

"Mr. Philipson has failed to provide any dates or respond to multiple requests for the parties to meet and confer on a discovery plan before the upcoming status conference set by this Court's order of August 1, 2023[.]" (ECF No. 28 at PageID 329.) Mr. Philipson confirmed as much, indicating that he "believed that initiating this process unilaterally was the most appropriate approach, given the intricacies involved in this case." (ECF No. 38 at PageID 381.)[4]

Mr. Philipson has made other unilateral decisions in contravention of the local rules. Before he filed his motion to reschedule he ignored his obligation under the Local Rules to consult with Plaintiff's counsel. After the Court noted the deficiency, Mr. Philipson explained that he consciously "deci[ded] not to include a certificate of consultation . . . as required by Local Rule 7.2(a)(1)(B)" based on "various considerations, including the legal framework established by Federal Civil Rules and relevant case law." (Id. at PageID 380.) He did not cite to any rule or case law that supports his position.[5]

Although the Court recognizes that Mr. Philipson has elected to represent himself in this matter, his pro se status does not absolve him of his obligation to familiarize himself with and follow the Federal Rules of Civil Procedure and this Court's Local Rules, and to abide by any orders the Court issues. Pro se litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." Wright v. Penguin Random House, 783 F. App'x 578, 581 (6th Cir. 2019) (citing Fox v. Mich. State Police Dep't, 173 F. App'x 372, 376 (6th Cir. 2006)). To that end, to the extent that Mr. Philipson continues to represent himself in this matter, he is

---

[4] Furthermore, it is unclear to what extent Mr. Philipson unilaterally engaged in the process, as he did not submit a proposed scheduling order or Rule 26(f) Report before filing his motion to reschedule.

[5] Mr. Philipson has since filed a certificate of consultation that documents an email he sent to Plaintiff's counsel at 12:18 p.m. on September 6, 2023, requesting their position on the relief he requested in the motion to reschedule. (ECF No. 39-1 at PageID 385.)

**ORDERED** to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules and to abide by them, and all Court orders, as the case proceeds.

For the foregoing reasons, the Court **DENIES** Mr. Philipson's Motion to Reschedule. The scheduling conference will proceed as scheduled at 9:30 a.m. Monday, September 11, 2023, via Microsoft Teams Video. A link to the video conference will be emailed prior to the setting.

**IT IS SO ORDERED,** this 7th day of September 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE