IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  No. 2:23-cv-02186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO COMPEL AND MOTION FOR EXPEDITED DISCOVERY OF SUBPOENA RESPONSES AND ITEMIZATION OF DAMAGES**

Before the Court is pro se Defendant Dennis Michael Philipson's amended Motion to Compel Production of Documents and Objection to Improperly Issued Subpoenas, filed September 17, 2023. (ECF No. 50.)[1] Plaintiff Mid-America Apartment Communities, Inc. ("Mid-America"), filed its response on September 20, 2023. (ECF No. 51.) On October 5, 2023, Mr. Philipson filed a Motion for Expedited Discovery of Subpoena Responses and Itemization of Damages. (ECF No. 59.)[2] For the following reasons, the motions are **DENIED**.

In the portion of his motion relevant to this issue, Mr. Philipson explains the timeline of his document requests, including that he made the requests on September 7, 2023, and had yet to receive the documents he requested by the time he filed his amended motion on September 17,

---

[1] Mr. Philipson filed his original motion to compel on September 15, 2023. (ECF No. 49.) His amended motion renders his original motion moot.

[2] Although Mid-America's deadline to respond to that just-filed motion has yet to run, the Court addresses it here given that the deadline to respond to this motion occurs after the deadline to respond to the discovery itself. Mr. Philipson did not include a certificate of consultation with the motion.

2023.  (Id.)³  Mr. Philipson then explains the importance of the documents he has requested.  (Id. at PageID 480–81.)

In an email sent to Mr. Philipson on September 8, 2023, Mid-America's counsel acknowledges receiving an email from Mr. Philipson and agrees to treat the email as containing document requests "despite the fact that they are not formatted as such or appropriately signed given your pro se status."  (ECF No. 50-3 at PageID 509.)  Counsel then informs Mr. Philipson that, "under the Federal Rules, we have 30 days to respond to your request and/or provide our objections."  (Id. at PageID 509–10.)  Counsel explains that the 30-day deadline falls on the weekend, rendering the responses due on October 9, 2023.⁴  (Id. at PageID 510.)

Despite receiving this information, Mr. Philipson filed his motion.  In its response, Plaintiff again points out that its deadline to respond to the discovery requests has yet to run.  (ECF No. 51 at PageID 521.)  Mid-America also asserts that Mr. Philipson ran afoul of the Local Rules by failing to meaningfully confer with it before filing the motion, and by not providing a certificate of consultation.  (Id.)

---

³ On September 7, 2023, Mr. Philipson also filed a document characterized as an "Intent to File Motion for Expedited Discovery."  (ECF No. 42.)  The next day he filed an amended version of the same document.  (ECF No. 43.)  Mr. Philipson suggests in the amended filing from September 8 that Plaintiff had yet to respond to his discovery requests, which he issued the day before, asserting that there has been no "communication clarifying the delay." (ECF No. 43 at PageID 397.)  As is explained in more detail below, Plaintiff has thirty days to respond to Mr. Philipson's discovery requests.  The one-day window between Mr. Philipson's service of his requests and the filing of his motion to compel constitutes something far short of a delay that would need clarification.  Moreover, Mr. Philipson's motion for expedited discovery, which he filed five days before the discovery is due, including a weekend and a federal holiday, has no merit.  It is also **DENIED**.

⁴ Because October 9, 2023, is a federal holiday, Plaintiff's responses are due October 10, 2023.  See Fed. R. Civ. P. 6(a)(1)(C).

Consistent with Plaintiff's representations to Mr. Philipson, under Federal Rule of Civil Procedure 34(b)(2)(A), "[t]he party to whom the request is directed must respond in writing within 30 days after being served," with certain variances that are inapplicable here. Plaintiff's time to respond to Mr. Philipson's discovery requests has not yet run, and was weeks away from expiring when Mr. Philipson filed his initial and amended motions. To that end, Mr. Philipson's motion to compel is **DENIED** as premature.

Near the end of his motion, Mr. Philipson also objects to the sufficiency of Mid-America's initial disclosures and appears to seek an order directing Mid-America to supplement them. Those assertions, at this point, appear to be without merit.

To begin, Mr. Philipson takes issue with Plaintiff's failure to disclose information related to any insurance agreement that might be used to satisfy a judgment. (ECF No. 50 at PageID 482.) However, such information may not be relevant here because Mr. Philipson does not state any claims against Plaintiff that might entitle him to recover anything.

Mr. Philipson also asserts that Plaintiff's list of people likely to have discoverable information is deficient. Plaintiff listed fourteen known people and five groups of unknown individuals as potential witnesses, along with the subjects they have knowledge of and the means by which they may be contacted. Mr. Philipson challenges the robustness of this information, asserting it will require him to "conduct further discovery to understand these witnesses' potential relevance to the case." (Id. at PageID 481.) That, of course, is what the discovery process is for.

Mr. Philipson also takes issue with Plaintiff's adherence to its obligations to provide documents and electronically stored information and tangible things, or a description by category

3

and location of that information, as well as what he contends is a deficient description of Plaintiff's damages.[5]

A review of Plaintiff's initial disclosures reveals that it has satisfied its initial disclosure obligations under Federal Rule of Civil Procedure 26.  As Plaintiff acknowledged in its responses, it is obligated to supplement those disclosures under the Federal Rules, and must do so going forward, if additional information becomes known.  See Fed. R. Civ. P. 26(e).  To the extent Mr. Philipson's Motion to Compel Production of Documents and Objection to Improperly Issue Subpoenas and his Motion for Expedited Discovery of Subpoena Responses and Itemization of Damages seek supplementation of Plaintiff's initial disclosures now, they are **DENIED**.

## CONCLUSION

In an earlier order denying Mr. Philipson's request to reset the scheduling conference, the Court ordered Mr. Philipson "to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules and abide by them, and all Court orders, as the case proceeds." (ECF No. 40 at PageID 390.)  The Court reiterated that obligation at the scheduling conference.  Mr. Philipson's motions reveal that he has failed to heed the Court's directive, resulting in a waste of Plaintiff and the Court's resources.

A review of the Federal Rules would have informed Mr. Philipson that Plaintiff was not required to respond to his discovery requests the day after he issued them, as he initially

---

[5] In his October 5, 2023 motion, Mr. Philipson requests "a comprehensive, itemized list of damages claimed by MAA against the Defendant." (ECF No. 59 at PageID 583.)  In its initial disclosures, Mid-America indicated that it "expects to provide expert proof of its damages in accordance with the deadlines in the Court's Case Management Order," and that it "will be seeking the damages available for the various claims [it] has asserted in the Amended Complaint, including for attorney fees and expenses, which it plans to present for the Court's consideration after trial or other appropriate disposition of the case." (ECF No. 50-1 at PageID 492.)

4

demanded, or even within eight days, when he filed his initial motion to compel. What is more, Mr. Philipson proceeded with the filing of his motion even after having been informed by Plaintiff's counsel that it was significantly premature.

The Court once again instructs Mr. Philipson that, to the extent he continues to proceed pro se in this matter, he must familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules. He is further warned that, to the extent his future filings do not comply with the Local Rules, including, but not limited to, his obligation to consult with opposing counsel and to include a certificate of consultation with most types of motions, the motions may not be considered by the Court and he may open himself up to sanctions.

**IT IS SO ORDERED,** this 5th day of October 2023.

                                               s/ Sheryl H. Lipman
                                               SHERYL H. LIPMAN
                                               CHIEF UNITED STATES DISTRICT JUDGE