IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC.,<br>Plaintiff,<br>v.<br>DENNIS MICHAEL PHILIPSON,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:23-cv-2186-SHL-cgc |

**ORDER DENYING MOTION TO DISMISS**

Before the Court is pro se Defendant Dennis Michael Philipson's amended Motion to Dismiss, filed September 2, 2023.[1] (ECF No. 33.) Plaintiff Mid-America Apartment Communities, Inc. ("MAA"), filed its response on October 2, 2023. (ECF No. 55.) Mr. Philipson did not file a reply. Because the amended complaint contains sufficient allegations which, if accepted as true, state a claim for relief that is plausible on its face, the motion is **DENIED**.

**BACKGROUND**[2]

Mr. Philipson was formerly employed as a property manager for MAA, one of the largest residential management companies in the nation and the second largest owner of apartments in the United States. (ECF No. 16 at PageID 175, 177.) In March 2021, Mr. Philipson gave notice to MAA that he was leaving to pursue his acting career. (Id. at PageID 177.) A few days later,

[1] Mr. Philipson filed his original motion to dismiss on August 30, 2023. (ECF No. 31.)

[2] The Court only discusses the facts that are pertinent to Defendant's motion. The facts are taken from the amended complaint (ECF No. 16), and are accepted as true for purposes of ruling on the motion.

Mr. Philipson attempted to rescind his resignation but, based on negative comments that he made at the time he tendered his resignation, MAA denied his attempt and paid him instead of allowing him to work during his notice period. (Id.)

Since his resignation, according to MAA, Mr. Philipson has engaged in numerous acts of harassment against MAA and its employees, as well as attempts to divert, harass and confuse MAA's customers. These alleged acts include, but are not limited to, sending more than sixty-five communications to MAA or its employees complaining about alleged fraud, his alleged mistreatment while working there, the supposed malfeasance of other MAA employees and other alleged SEC and IRS violations. (Id.) Mr. Philipson also claims to have made complaints about MAA to various federal agencies, including the Securities and Exchange Commission, the Internal Revenue Service, and the Department of Justice. (Id.) He is alleged to have pursued multiple false whistleblower complaints against MAA, left false reviews about MAA on the Internet and sent emails under a fake name to an MAA board member. (Id. at PageID 178–79.) According to MAA, Mr. Philipson has used MAA's valid and registered trademarks on websites without its permission, including on websites tied to several Internet domain names he purchased in March 2023, as well as on a fictitious LinkedIn webpage. (Id. at PageID 174, 180–85.)

MAA filed its original complaint on April 4, 2023, in which it named John Doe 1 and John Doe 2 as Defendants. (ECF No. 1.) It filed its amended complaint on June 13, 2023, replacing the anonymous Defendants with Mr. Philipson. (ECF No. 16.)[3] The amended complaint states the following claims against Mr. Philipson: trademark infringement and unfair competition under federal law; trademark infringement, unfair competition and misappropriation

[3] In its response, MAA explains that it "was able to determine that John Does 1 and 2 were actually a single person," i.e., Mr. Philipson, through the issuance of a series of third-party subpoenas. (ECF No. 55 at PageID 561.)

under Tennessee law; deceptive trade practices and fraudulent misrepresentation under Tennessee law; negligence per se for violations of the federal law protecting the public from cyber harassment; defamation; tortious interference with prospective business relationships; deceit; and violations under the Tennessee Personal and Commercial Computer Act of 2003. (Id. at Page ID 185–93.) MAA also seeks injunctive relief. (Id. at PageID 188.)

**STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must contain sufficient facts to "state a claim to relief that is plausible on its face," meaning it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). The complaint need not set forth "detailed factual allegations," but it must include more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citing Twombly, 550 U.S. at 555, 557).

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint for failure to comply with the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). When considering a 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Adkisson v. Jacobs Eng'g Grp., Inc., 790 F.3d 641, 647 (6th Cir. 2015) (internal citation omitted).

**ANALYSIS**

Mr. Philipson argues five separate, but often interrelated, grounds for dismissal of the amended complaint, none of which specifically address any of MAA's causes of action.[4] First, he broadly asserts that MAA's factual allegations are insufficient. (ECF No. 33 at PageID 340.) Second, he asserts that an absence of key information in the amended complaint weakens MAA's case and casts doubt on the "comprehensiveness and factual integrity" of its allegations. (Id.) His third argument is based on the fact that some of the allegations in the amended complaint are based on a response from a third-party subpoena. According to Mr. Philipson, this third-party subpoena is not in the record because MAA is withholding it, which, according to him, potentially violates Federal Rule of Civil Procedure 26(e)(1)(A), but also "impacts the overall plausibility of [MAA's] claim." (Id. at 341.) Relatedly, Mr. Philipson's fourth argument asserts that MAA might have used improper means to gather information through that third-party subpoena, which might render any such evidence excludable. (Id.) Finally, as a fifth basis for dismissal, Mr. Philipson asserts that, although the amended complaint includes allegations about his mental state, it fails to provide proof that would substantiate those claims. (Id. at 341–42.) According to Mr. Philipson, the absence of such proof casts doubt on the facial plausibility of MAA's claims and might even violate Federal Rule of Civil Procedure 11(b)(2)'s requirement

[4] Only the first section of Mr. Philipson's motion address whether MAA has stated a claim upon which relief can be granted under Rule 12(b)(6). The subsequent sections address a panoply of unrelated issues. So, Mr. Philipson asserts that MAA "violated the provisions and the spirit of Fed. R. Civ. P. 45" in issuing subpoenas to third parties (ECF No. 33 at PageID 342); argues that MAA and the Court violated his Due Process rights (id. at 342–43); alleges that MAA instigated the lawsuit for improper purposes, and has harassed him and abused the discovery process (id. at 344); and suggests that MAA's attorneys have engaged in ongoing ethical violations (id. at 344–45). Because none of these allegations bear on whether MAA has stated a plausible claim for relief under Rule 12(b)(6), the Court does not address them.

that an attorney certifies that, under the circumstances, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." (Id. at 342.)[5]

The bulk of Mr. Philipson's arguments in favor of dismissal are undermined when the procedural posture of the case is considered. When considering the motion to dismiss, the Court must construe the amended complaint in the light most favorable to MAA, accept all of the factual allegations as true, and draw all draw all reasonable inferences in favor of MAA. See L. C. v. United States, 83 F.4th 534, 550 (6th Cir. 2023) (citations omitted). In other words, at this stage, MAA need not marshal the proof that would demonstrate it is entitled to the relief sought in the amended complaint. Instead, it need only plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ammex, Inc. v. McDowell, 24 F.4th 1072, 1079 (6th Cir. 2022) (quoting Iqbal, 556 U.S. at 678); see also Iqbal, 556 U.S. at 696 (explaining that the plausibility standard under Twombly requires courts to accept as true everything short of "allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.") (Souter, J., dissenting).

In support of his general argument that MAA's factual allegations are insufficient, Mr. Philipson asserts that the content within the affidavit that MAA relies upon to support its claims would "not pass the rigorous Daubert standard for admitting scientific evidence." (ECF No. 33

[5] To the extent Mr. Philipson intends to seek sanctions against MAA under Rule 11, a motion to dismiss is an inappropriate means for doing so. See Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.")

at PageID 340.) However, the ultimate truth of the contention is not relevant here, as the Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and the cases applying it address the admissibility of expert testimony at trial, and have no place at the motion to dismiss stage. See United States v. Lazar, No. 04-cv-20017-BBD-dkv, 2005 WL 8157026, at *5 (W.D. Tenn. Mar. 29, 2005), report and recommendation adopted, 2005 WL 8157024 (W.D. Tenn. Apr. 14, 2005) (declining "to decide a Daubert issue in the context of a motion to dismiss" and explaining that the "motion to dismiss based on the lack of expert testimony is premature"); Bearden v. Honeywell Int'l, Inc., No. 3:09-01035, 2010 WL 1223936, at *4 (M.D. Tenn. Mar. 24, 2010) (finding that conducting a Daubert-style inquiry on the sufficiency of expert testimony was inappropriate at the motion to dismiss stage). Mr. Philipson's arguments based on Daubert are unpersuasive.

The same holds true for Mr. Philipson's argument that MAA's allegations about his mental state are unsupported by definitive evidence or "expert behavioral analysis." (ECF No. 33 at Page ID 342.) Mr. Philipson does not identify which allegations from the amended complaint suggest unfounded assumptions about his mental state. Yet, even assuming there are such allegations, at this stage they would not need to be supported by "definitive evidence" or "expert behavioral analysis." To survive a motion to dismiss, MAA need only assert a short and plain statement of its claim showing that it is entitled to relief. See Fed. R. Civ. P. 8(a)(2). It has done so here. Mr. Philipson's assertion that "allegations of this nature should be substantiated at the earliest possible stage in the litigation process" has no basis in the law or the federal rules. He has failed to satisfy his burden of demonstrating that MAA has failed to state a claim upon which relief can be granted on these grounds.

Mr. Philipson asserts elsewhere that the absence of key information weakens MAA's case, as MAA has "conspicuously omit[ted] references to key employees at MAA" which "not only raises credibility issues but also invites questions about the comprehensiveness and factual integrity of their allegations." (ECF No. 33 at PageID 340.) Relatedly, Mr. Philipson argues that MAA has withheld evidence from the record related to the response to a third-party subpoena, and characterizes this as "an inability to disclose this key piece of evidence," which "impacts the overall plausibility of their claim." (Id. at 341.) Mr. Philipson again overstates MAA's burden at the pleading stage. A motion to dismiss is not the vehicle to test the comprehensiveness or the veracity of a complaint. Rather, such factual disputes are ripe for determination at the summary judgment stage or at trial after discovery is complete and the record has been thoroughly developed. Mr. Philipson's assertion that there is a lack of evidence in the record or that MAA has failed to disclose evidence that would support the claims in its amended complaint do not support the granting of his motion.

Finally, to the extent Mr. Philipson grounds the motion to dismiss in assertions that MAA may not have complied with its obligations under Federal Rule of Civil Procedure 45, that also does not provide him a basis for the relief he seeks. Mr. Philipson argues that, even assuming that the information gleaned from the third-party subpoena is accurate, there is an "absence of clear documentation detailing the proper legal procedures for acquiring such sensitive information," which "raises legal concerns." (Id.) However, even assuming MAA did not abide by "procedural safeguards," as Mr. Philipson alleges, that does not address whether its amended complaint plausibly states a claim for relief, which is the lone legal concern at issue here. Ultimately, even if that evidence is inadmissible, as Mr. Philipson suggests (see id.), it does not form a basis for dismissing the amended complaint.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED,** this 6th day of November, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE