IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No. 2:23-cv-02186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO REOPEN CASE, GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY IN AID OF EXECUTION, DENYING DEFENDANT'S MOTION TO ISSUE SUBPOENAS, AND SETTING SHOW CAUSE HEARING AS TO PLAINTIFF'S MOTION FOR CONTEMPT**

Before the Court are multiple motions. The first is Plaintiff Mid-America Apartment Communities, Inc.'s ("MAA") Motion for Contempt for Violating Permanent Injunction (the "First Contempt Motion"),[1] filed July 8, 2024. (ECF No. 113.) Pro se Defendant Dennis Michael Philipson did not respond to the First Contempt Motion by his deadline to do so, prompting the Court to enter an Order to Show Cause requiring him to show cause, "by November 15, 2024, as to why he has not responded to the Motion and why the Motion should not be granted in its entirety. If Mr. Philipson fails to respond, the facts set forth in the Motion

---

[1] On May 6, 2024, the Court entered an Order Granting Motion for Sanctions of Judgment and Granting in Part Motion for Permanent Injunction. (ECF No. 97.) The Permanent Injunction imposed upon Mr. Philipson contained thirteen separate components, and restricted Mr. Philipson from, among other things, coming within 500 feet of any MAA office and contacting any MAA employee without the express written consent of that person. (Id. at PageID 1566–1569.)

will be deemed true, and the Court may proceed to issuing a ruling on the Motion without a hearing." (ECF No. 124.) Mr. Philipson never responded to the Order to Show Cause.

On December 2, 2024, Mr. Philipson filed a notice of appeal to the Sixth Circuit Court of Appeals (ECF No. 126), appealing the Judgment this Court entered in favor of MAA on November 1, 2024 (ECF No. 123).[2]

On January 17, 2025, MAA filed the Supplemental Declaration of Alex Tartera in Support of MAA's Motion for Contempt, in which Tartera, MAA's Vice President for Cyber Security, detailed additional ways in which Mr. Philipson was allegedly continuing to violate the terms of the permanent injunction. (ECF No. 130.)[3]

On February 19, 2025, MAA filed a Motion to Reopen Case, in which it asked that the case be reopened "to rule on MAA's Motion for Contempt for Violating Permanent Injunction against Philipson and to enable MAA to obtain responses to its post-judgment discovery." (ECF No. 135 at PageID 2340.) Mr. Philipson responded the same day, asserting that the motion should be denied because, among other things, it "directly interferes with appellate jurisdiction in violation of Federal Rule of Appellate Procedure 8(a)(1)." (ECF No. 138 at PageID 2357.)[4]

---

[2] That judgment awarded MAA $207,136.32 for damages, $383,613.61 for attorneys' fees and costs, and $33,214.91 in pre-judgment interest, as well as post-judgment interest at a rate of 5.19% per annum from May 6, 2024, until the above damages are paid in full." (Id. at PageID 2231.)

[3] Mr. Philipson did not respond directly to these additional allegations, but has filed additional documents, including a "Notice of Cease and Desist to Opposing Counsel and Record of Harassment of Motions & Notification," which he previously filed with the Sixth Circuit Court of Appeals. (See ECF No. 132.)

[4] Philipson had previously filed "Defendant's Response to Plaintiff's Motion to Reopen Case" (ECF No. 136), and then filed a notice of withdrawal of that response explaining that he would "submit an Amended Response that accurately reflects his legal objections to Plaintiff's Motion to Reopen" (ECF No. 137 at PageID 2353). ECF No. 138 is the amended response. On March 14, Mr. Philipson filed a second document purporting to be another response to the

2

On March 12, 2025, MAA filed a Motion to Compel Discovery in Aid of Execution. (ECF No. 148.) Mr. Philipson responded the same day, asserting the motion should be denied because the "demands are excessive, unjustified, and constitute an unwarranted invasion of privacy, particularly given that an appeal is currently pending. Defendant objects to Plaintiff's efforts to compel personal financial disclosures at this time, as they are premature, disproportionate, and legally questionable." (ECF No. 149.)

The next day, Mr. Philipson filed a Motion to Issue Subpoenas, requesting subpoenas be issued to multiple federal agencies and offices, including the Securities and Exchange Commission, Internal Revenue Service, Department of Justice, Attorney General's Office, Equal Employment Opportunity Commission, U.S. Department of Housing and Urban Development, Federal Bureau of Investigation, U.S. Department of Labor, and the Federal Trade Commission. (ECF No. 150.) Mr. Philipson asserted that the subpoenas were necessary to obtain "documents necessary to comply with the Plaintiff's recent Motion to Compel and to ensure a complete evidentiary record" and argued that MAA only provided the discovery requests "in physical form and was not uploaded to the court docket." (Id. at PageID 2631.) MAA filed its response on March 18, responding that the subpoenas were unnecessary as the documents they sought, all of which related to Mr. Philipson's finances, should be in his possession. (ECF No. 155.)[5]

On April 10, 2025, MAA filed its Second Motion for Contempt for Violating Permanent Injunction (the "Second Contempt Motion"). (ECF No. 158.) In the Second Contempt Motion,

---

Motion to Reopen Case, but which only included email correspondence between him and MAA's counsel. (ECF No. 152.)

[5] The same day, Mr. Philipson filed a reply to MAA's response. (ECF No. 156.) The Local Rules provide that, with certain exceptions that are inapplicable here, "reply memoranda may be filed only upon court order granting a motion for leave to reply." LR. 7.2(c). Mr. Philipson's reply is not considered.

3

MAA asserted that Mr. Philipson had continued with many of the behaviors that formed the basis for its First Contempt Motion and that were outlined in the Supplemental Declaration of Alex Tartera, including "by attempting to email MAA personnel, using MAA personnel's names and email addresses to apply for jobs and signup for subscriptions, and abusing the Whistleblower Portal with false and defamatory allegations that have already been investigated numerous times and been determined to be without merit, sometimes filing multiple submissions per day." (Id. at PageID 2766.)  MAA insists that, "[b]y attempting to contact, harass, and impersonate MAA Personnel, Philipson blatantly ignores this Court's directive as set forth in the Injunction, and he shows no sign of stopping, absent drastic measures." (Id. at PageID 2768.)  To that end, MAA seeks its attorneys' fees and costs, and "any other sanctions against Philipson that the Court deems appropriate under the circumstances for Philipson to purge his contempt." (Id.)  Mr. Philipson responded the same day, noting that the matter was currently under review by the Sixth Circuit and that "[t]his response is submitted solely for the record and to note objection, not to request any action by the District Court." (ECF No. 160 at PageID 2799.)

**APPLICABLE LAW**

I.   Impact of Filing an Appeal on Enforcing the Judgment & Contempt Proceedings

The filing of a notice of appeal divests the district court of jurisdiction over matters involved in the appeal.  Smith & Nephew, Inc. v. Synthes (U.S.A.), No. 02-2873 MA/A, 2007 WL 9706817, at *6 (W.D. Tenn. Nov. 27, 2007) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)).  At the same time, courts retain jurisdiction to enforce their judgments.  See Smith & Nephew, Inc. v. Synthes (U.S.A.), No. 02-2873 MA/A, 2007 WL 9706817, at *6 (W.D. Tenn. Nov. 27, 2007) ("Although the court cannot expand or rewrite its prior rulings, it retains jurisdiction to enforce its prior judgments.") (citing Am. Town Center v.

4

Hall 83 Assoc., 912 F.2d 104, 110 (6th Cir. 1990)). "[T]he district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir. 1987) (quoting Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298, 299 n. 2 (5th Cir. 1984)).

Moreover, if a "district court is attempting to supervise its judgment and enforce its order through civil contempt proceedings, pendency of appeal does not deprive it of jurisdiction for these purposes." Cincinnati Bronze, 829 F.2d at 588 (citation omitted). An interlocutory or final judgment in an action for an injunction is not stayed after being entered, even if an appeal is taken, unless a court orders otherwise. Fed. R. Civ. P. 62(c)(1).

Nevertheless, it "has always been held, . . . that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." Nken v. Holder, 556 U.S. 418, 421 (2009) (quoting Scripps–Howard Radio, Inc. v. FCC, 316 U.S. 4, 9–10 (1942)). To that end, the enforcement of a judgment pending appeal can be stayed under Federal Rule of Civil Procedure 62 in the district court in which the judgment has been entered, or under Federal Rule of Appellate Procedure 8(a) in the appellate court in which the appeal was filed.

So, under the Federal Rules of Civil Procedure, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). "A party appealing a decision by a federal district court 'is entitled to a stay of a money judgment as a matter of right if he posts bond.'" Sofco Erectors, Inc. v. Trs. of Ohio Operating Eng'rs Pension Fund, No. 2:19-CV-2238, 2021 WL

5

858728, at *2 (S.D. Ohio Mar. 8, 2021) (quoting Am. Mfrs. Mut. Ins. Co. v. Am. Broad-Paramount Theaters, Inc., 87 S. Ct. 1, 3 (1966)).

Alternatively, Rule 62(d) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Similarly, a court of appeals can "stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending" or "issue an order to preserve the status quo or the effectiveness of the judgment to be entered." Fed. R. Civ. P. 62(g)(1).  Staying a judgment typically requires a party to first appeal in the district court, but a motion can be made directly to the court of appeals upon a "show[ing] that moving first in the district court would be impracticable."  Fed. R. App. P. 8(a)(2)(i).

II.    Discovery in the Aid of Execution

The Federal Rules provide that, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).  "[C]ourts have confirmed that '[t]he scope of postjudgment discovery is very broad.'" United States v. Conces, 507 F.3d 1028, 1040 (6th Cir. 2007) (quoting F.D.I.C. v. LeGrand, 43 F.3d 163, 172 (5th Cir. 1995)).  Creditors are permitted to "utilize the full panoply of federal discovery measures provided for under federal and state law to obtain information from parties . . . including information about assets on which execution can issue." MAKS Gen. Trading & Contracting, Co. v. Sterling Operations, Inc., No. 3:10-CV-443, 2013 WL 3834016, at *1 (E.D. Tenn. July 24, 2013) (quoting Aetna

Group, USA, Inc. v. AIDCO Intern., Inc., No. 1:11–mc023, 2011 WL 2295137, at * 1 (S.D. Ohio June 8, 2011)).

## ANALYSIS

I.     Stay Pending Appeal

On February 20, 2025, Mr. Philipson filed a motion asking the Sixth Circuit "to enforce its jurisdiction over this matter and issue an order staying all further proceedings in the United States District Court for the Western District of Tennessee pending resolution of this appeal." (Case 24-6082 (ECF No. 30-1 at 2.)  Mr. Philipson never filed a motion in this Court to stay the proceedings.[6]  The "cardinal principle of stay applications" under Federal Rule of Appellate Procedure 8(a) is that parties must ordinarily move first in the district court for a stay pending appeal.  Baker v. Adams Cnty./Ohio Valley Sch. Bd., 310 F.3d 927, 930 (6th Cir. 2002) (quoting 16A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3954 (3d ed. 1999)).  Rule 8(a)(2) provides that a motion to stay "may be made to the court of appeals or to one of its judges" but only if the party can either "show that moving first in the district court would be impracticable" or, if the motion was made in the district court but that court "denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action."  Mr. Philipson did not first file his motion to stay in this Court and makes no showing that filing a motion here would have been impracticable.  See Fed. Rule App. P. 8(a)(2)(i).  The end result is that neither this Court, nor the Sixth Circuit, has stayed the matter.

---

[6] In his response to MAA's Motion to Compel, Mr. Philipson asserts that the Court "[s]tay post-judgment discovery pending appeal," but has filed no motion to do so. (See ECF No. 149 at PageID 2625.)

Because the matter has not been stayed, this Court has the ability to enforce the judgment as to the relief MAA seeks as to Mr. Philipson's contempt and to the extent it seeks discovery in the aid of execution on its judgment. See Cincinnati Bronze, 829 F.2d at 588 (a district court may not alter or enlarge the scope of its judgment pending appeal, but it retains jurisdiction to enforce the judgment, which includes enforcing its orders through civil contempt proceedings). The form that enforcement will take is outlined below.[7]

II.     The Contempt Motions

As explained above, MAA has filed two motions for contempt for violating the permanent injunction. (ECF Nos. 113 & 158.) As to the First Contempt Motion, the Court previously required Mr. Philipson to show cause as to why he had not responded to the motion and why the motion should not be granted in its entirety. (See ECF No. 124.) Mr. Philipson failed to show cause by the November 15, 2024 deadline set by the Court, which was more than two weeks before Mr. Philipson filed his notice of appeal of the final judgment in the Sixth Circuit Court of Appeals. (ECF No. 126.) Due to that failure, and as the Court warned Mr. Philipson in its Order to Show Cause, the facts in MAA's initial Motion for Contempt for Violating Permanent Injunction were deemed true. (See ECF No. 124.)

On the other hand, Mr. Philipson did respond to MAA's Second Contempt Motion, if only to assert that the Sixth Circuit had "jurisdiction over the substantive issues and prior rulings that form the basis of this dispute." (ECF No. 160 at PageID 2799.) For the reasons stated above, however, the Court retains jurisdiction to consider whether Mr. Philipson is in contempt of this Court's Order Granting Motion for Sanctions of Judgment and Granting in Part Motion

---

[7] Because the Court retains jurisdiction to enforce its judgment and to address the relief MAA seeks in its contempt motions and motion to compel discovery, it need not reopen the case. MAA's Motion to Reopen Case is therefore **DENIED AS MOOT**.

for Permanent Injunction.

To that end, the Court will conduct a Show Cause hearing on the Second Contempt Motion at 11:00 a.m. Friday, May 9, 2025, in Courtroom 1, to determine whether Mr. Philipson should be held in contempt for violating this Court's orders. If Mr. Philipson fails to attend the hearing, the facts set forth in the Second Contempt Motion will be deemed true, as they previously were for the First Contempt Motion, and the Court will proceed to issuing a ruling on both the First and Second Contempt Motions. And, if Mr. Philipson fails to appear as directed at the Show Cause hearing, the Court shall take all necessary actions to bring Mr. Philipson before the Court, including, but not limited to, directing that he be arrested and held in custody pending a hearing on this matter.

III.     Discovery Motions

MAA is entitled to the discovery it seeks in aid of execution on the judgment against Mr. Philipson under the broad discovery permitted under Rule 69, as the interrogatories and requests for production MAA served upon him are the types of discovery contemplated in both the Federal and Tennessee Rules of Civil Procedure. See Fed. R. Civ. P. 33 & 34; Tenn. R. Civ. P. 33.01 & 34.01.

MAA served its post-judgment discovery upon Mr. Philipson on January 27, 2025. (See ECF Nos. 148 at PageID 2606; 148-1 at PageID 2619; 148-2 at PageID 2621.) The Federal Rules require that Mr. Philipson respond within thirty days after being served with the interrogatories and requests for production, and provide any objections by then as well. Fed. R. Civ. P. 33(b)(2), (4); 34(b)(2)(A), (C). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Objections to requests for

9

production "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Mr. Philipson did not respond to the requests, nor did he object to them, at least not in a way that conformed with the Federal Rules, or, for that matter, with the sort of decorum worthy of a proceeding in federal court. Rather, the same day that MAA served its requests, Mr. Philipson responded, via email: "Here is my answer to all questions as well. Go fuck yourself." (ECF No. 148-2 at PageID 2621.) The time has passed for Mr. Philipson to offer any substantive objection to the discovery requests, and he has thus waived the right to do so. This failure alone warrants granting MAA's Motion to Compel.[8]

But even had Mr. Philipson lodged relevant objections, they likely would have been overruled, as the information MAA seeks in pursuit of its judgment are all relevant to its quest to execute on the judgment. The interrogatories seek information regarding Mr. Philipson's income, financial accounts, real and tangible properties, and trust accounts to which he is the beneficiary, and the requests for production seek documents related to each of those requests. (See ECF No. 148-1 at PageID 2615–18.) These are exactly the sort of documents an entity seeking to execute on a judgment would be interested in seeking.

Mr. Philipson asserts that MAA's discovery requests are not limited to what is necessary for enforcement, are not proportional, and are "intrusive beyond what is required to locate assets for enforcement." (ECF No. 149 at PageID 2623.) But those assertions are belied by the

---

[8] As noted above, although Mr. Philipson did not file any timely objections to the discovery requests, he did timely respond to the Motion to Compel, characterizing the requests as "excessive, unjustified, and constitute an unwarranted invasion of privacy" and "premature, disproportionate, and legally questionable." (ECF No. 149 at PageID 2622.)

10

straightforward sort of information MAA seeks. The cases Mr. Philipson cites in support of his arguments that MAA's requests are overly broad and invade his privacy do not support his argument.

First, he cites Seattle Times v. Rhinehart, 467 U.S. 20, 35 (1984), for the proposition that "discovery rules must balance the need for information with protection against unnecessary intrusion." (ECF No. 149 at PageID 2624.) However, that case "present[ed] the issue whether parties to civil litigation have a First Amendment right to disseminate, in advance of trial, information gained through the pretrial discovery process." 467 U.S. at 22. Ultimately, the Court explained that Washington state's discovery rules, which are modeled on the Federal Rules of Civil Procedure, "often allow extensive intrusion into the affairs of both litigants and third parties." Id. at 30. The case did not touch on "unnecessary intrusion," as Mr. Philipson suggests, but rather on whether a protective order could limit the dissemination of information gleaned during pretrial discovery without running afoul of the First Amendment. MAA seeks information to aid in the execution of its judgment, and not for permission to disclose information it already has in its possession. The decision in Seattle Times is of no application here.

Mr. Philipson also relies on Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186 (1946), for the proposition that there are "privacy protections in financial disclosures" and to support his argument that "post-judgment discovery must comply with privacy protections under both federal and state law." (ECF No. 149 at PageID 2624.) But Walling does no such thing. That case addressed whether the Administrator of the Wage and Hour Division of the United States Department of Labor had the right to enforce subpoenas duces tecum he issued during "the course of investigations conducted pursuant to [Section] 11(a) of the Fair Labor Standards Act,"

11

and which sought information from a corporation and its officers. 327 U.S. at 189. Ultimately, the Supreme Court determined that the execution of the subpoenas did not run afoul of the Fourth or Fifth Amendments. Id. at 209–11. The circumstances in that case are not analogous to this one.

Finally, Mr. Philipson cites Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134 (2014), for the proposition that "post-judgment discovery must be necessary to locate enforceable assets and not serve as a fishing expedition." (ECF No. 149 at 2623.) That is not what NML Capital stands for, however. In fact, in that decision, which determined that foreign states were subject to broad discovery under the Foreign Sovereign Immunities Act of 1976, the Supreme Court explained that "[p]lainly, then, this is not a case about the breadth of Rule 69(a)(2)." 573 U.S. 140. Mr. Philipson's reliance on the case is misplaced. Neither NML Capital, nor any other of the cases Mr. Philipson relies upon, support his position for limiting the targeted discovery MAA seeks in its requests.

Accordingly, MAA's Motion to Compel responses to these requests is **GRANTED**. Mr. Philipson shall provide responses to all of the interrogatories and requests for production by **May 5, 2025**.

At the same time, although post-judgment discovery is "very broad," it is not broad enough to encompass the sort of third-party discovery that Mr. Philipson seeks in his Motion to Issue Subpoenas. As a threshold matter, Mr. Philipson has not cited any authority that would allow him to engage in post-judgment discovery. Rule 69, which serves as an "aid of the judgment or execution," applies to the "judgment creditor or a successor in interest." Fed. R. Civ. P. 69(a)(2). Judgment creditors can seek discovery from third parties, but, in those instances, "the party seeking such discovery must make 'a threshold showing of the necessity

12

and relevance' of the information sought." F.T.C. v. Trudeau, No. 1:12-MC-022, 2012 WL 6100472, at *4 (S.D. Ohio Dec. 7, 2012) (quoting Michael W. Dickinson, Inc. v. Martin Collins Surfaces & Footings, LLC, No. 5:11–CV–281, 2012 WL 5868903, at *2 (E.D. Ky. Nov. 20, 2012)).

Here, Mr. Philipson is neither the judgment creditor nor its successor in interest. His status as the debtor does not bring his requests under the ambit of Rule 69. Yet, even if Rule 69 or some other mechanism allowed Mr. Philipson to seek discovery, his Motion would be denied because the information that he seeks through his subpoenas is not relevant to determining what assets he has to satisfy the outstanding judgment against him. For these reasons, Mr. Philipson's Motion is **DENIED**.

## CONCLUSION

Consistent with the foregoing, MAA's Motion to Reopen Case (ECF No. 135) is **DENIED AS MOOT**. MAA's Motion to Compel Discovery in Aid of Execution (ECF No. 148) is **GRANTED**, and Mr. Philipson shall provide responses to MAA's discovery requests by **May 5, 2025**. Mr. Philipson's Motion to Issue Subpoenas (ECF No. 150) is **DENIED**.

A Show Cause hearing on MAA's Second Contempt Motion (ECF No. 158) will be held at 11 a.m. Friday, May 9, 2025, in Courtroom 1, at the Odell Horton Federal Building, 167 N. Main Street, Memphis, Tennessee 38103.

**IT IS SO ORDERED,** this 22nd day of April, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE

13