IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DENNIS MICHAEL PHILIPSON, ) <br> ) <br> Defendant. ) | Case No. 2:23-cv-02186-SHL-cgc |

**ORDER DIRECTING DEFENDANT TO CEASE IMPROPER COMMUNICATIONS WITH COURT AND ITS PERSONNEL**

On April 22, 2025, the Court entered an Order Denying as Moot Plaintiff's Motion to Reopen Case, Granting Plaintiff's Motion to Compel Discovery in Aid of Execution, Denying Defendant's Motion to Issue Subpoenas, and Setting Show Cause Hearing as to Plaintiff's Motion for Contempt. (ECF No. 162.)

Since the entry of the Order, Pro Se Defendant Dennis Michael Philipson has sent a multitude of emails to the undersigned's ECF mailbox, to the ECF mailboxes of other judges in this district, to the ECF mailboxes of judges in the Sixth Circuit Court of Appeals, and directly to the email addresses of various Court personnel.[1] Many of these communications are improper under this Court's rules.

---

[1] Mr. Philipson, whose appeal of this case is pending before the Sixth Circuit, also filed eighteen different documents through that court's electronic filing system on April 22 and 23, 2025, prompting the Sixth Circuit to advise him that receipt of emails from his account "has been blocked for all Sixth Circuit Court of Appeals recipients, including the pro se email inbox, due to abuse." Case No. 24-6082, ECF No. 85. The Sixth Circuit Clerk informed Mr. Philipson that "[a]ny future attempts to communicate with the Court (which includes this office) via email—whether from the above-listed email address or another email address—will be referred to the United States Marshals Service for investigation." Id. at 1.

To start, under the Local Rules, "[e]xcept as otherwise ordered, neither counsel nor a party to a pending action shall have contact with a judge about a matter pending before the Judge, unless there is an emergency and with reasonable notice to all counsel and unrepresented parties, orally or in open Court."  LR 83.6(a).  The Local Rules also provide that, "[e]xcept as may otherwise be directed by the court, neither counsel nor a party to a pending action shall discuss with law clerks or other support personnel the merits or other matters of substance relating to any pending action."  LR 83.6(b).  These limitations are necessary, in part, because "[b]asic to the operation of the judicial system is the principle that a court speaks through its judgments and orders."  Bell v. Thompson, 545 U.S. 794, 805 (2005) (citation omitted).

Additionally, pro se parties, unless they are attorneys admitted to practice in the Western District of Tennessee, cannot file documents electronically in the Court's Electronic Case Filing ("ECF") system.  See United States District Court Western District of Tennessee Electronic Case Filing Policies and Procedures Manual, ("ECF Manual") § 3.3 ("A party who is not represented by an attorney shall file papers in the traditional filing method either by personal delivery to the clerk's office or via mail.")  Under the Local Rules, parties that are exempt from electronic filing, must file "the original of all pleadings and papers . . . other than proposed orders, . . . with the Clerk.  The original of a proposed order shall be delivered to the Clerk for transmission to the appropriate judge."  LR 5.2(a).[2]

---

[2] The Local Rules require parties to communicate with a Judge's ECF mailbox in certain circumstances.  For instance, electronic filers must submit proposed orders for "[a]ll motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60" directly to the presiding judge's ECF mailbox.  LR 7.2(a)(1)(A).  Similarly, proposed scheduling orders also must be sent to the presiding judge's ECF mailbox.  See LR 16.2(b)(4)(B)(ii).  Mr. Philipson, who in any event is not an electronic filer to whom Local Rule 7.2(a)(1)(A) would apply, has not been submitting proposed orders or scheduling orders to the ECF mailboxes.

Through the pendency of this litigation, Mr. Philipson has sent documents via mail and email to the Clerk's office, which has uploaded those filings to the docket consistent with the procedures applicable to pro se parties without electronic filing privileges.  The Court will continue do so going forward.  Anything Mr. Philipson submits to the Court through the proper channels shall be placed on the docket in this case, as is his right as a litigant in this Court.

At the same time, the Court will not continue to abide Mr. Philipson's improper electronic communications to court personnel, including to the ECF mailboxes of the undersigned and the other judges in the district.  If Mr. Philipson disagrees with the decisions of the Court, the proper course is to appeal them, not to express his disagreement to other judges, who all have their own caseloads.  Therefore, going forward, emails to the ECF mailboxes of the judges in this district from "mikeydphilips@gmail.com," from where Mr. Philipson's most recent spate of emails has originated, will be blocked.  Mr. Philipson is also directed to cease any communications with Court  personnel, other than communications to the Clerk's office for the filings described above. The Court also adopts restrictions similar to those imposed upon Mr. Philipson by the Sixth Circuit due to his "abuse" of that court's electronic filing system.  So, future attempts by Mr. Philipson to communicate with the Court or its personnel via email for reasons other than docket filings, whether from "mikeydphilips@gmail.com" or another email address, will be referred to the United States Marshals Service for investigation.

**IT IS SO ORDERED,** this 25th day of April, 2025.

                                                s/ Sheryl H. Lipman  
                                                SHERYL H. LIPMAN  
                                                CHIEF UNITED STATES DISTRICT JUDGE