**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:23-cv-02186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) | |
| Defendant. | ) ) | |

**ORDER FINDING DEFENDANT DENNIS MICHAEL PHILIPSON IN CONTEMPT
AND DIRECTING THE ISSUANCE OF AN ARREST WARRANT**

On June 25, 2025, the Court entered a Second Order for Defendant to Show Cause and to Produce Responses to Outstanding Discovery Requests. (ECF No. 202.) In the Order, the Court instructed pro se Defendant Dennis Michael Philipson to "Show Cause, by July 9, 2025, as to why he has not complied with this Court's Order to respond to the outstanding discovery requests and he also must provide MAA with responses to the outstanding discovery requests by that date." (Id. at PageID 3503.)

Mr. Philipson responded the same day with a document he titled Defendant's Response to Second Order to Show Cause: A Formal Rejection of Unlawful Authority and an Invitation to the Public Record. (ECF No. 203.) The filing offers "remedial" legal lessons to the Court (id. at PageID 3506), and includes a plug for what Mr. Philipson has dubbed his "public interest" websites, which he promises will take his "evidence directly to a higher court: the court of public opinion" (id. at PageID 3518, 3519). The bulk of his response explains why he will not be complying with the Court's requirement that he respond to the outstanding discovery requests. In so doing, Mr. Philipson regurgitates several of the same arguments that he has previously

offered to justify his non-compliance with this Court's orders.  Similar arguments have

previously, and repeatedly, been rejected by multiple tribunals, including this one.  Mr. Philipson

frames his non-compliance with this Court's orders as a principled stance, and reiterates his

previously stated position that he "ha[s] chosen not to comply, not out of disregard for the law

but out of refusal to dignify a proceeding that has abandoned it."  (Id. at PageID 3505.)  Mr.

Philipson then dares the Court to exercise its authority to hold him in contempt.  He writes:

> Therefore, pursuant to my rights under the Constitution of the United States, I, Dennis Michael Philipson, **hereby formally state for the record that I will not be providing MAA with responses to the outstanding discovery requests.** I will not participate further in these fraudulent proceedings.  I will not dignify this perversion of justice with my compliance.  This Court concludes its order with a threat: "If Mr. Philipson does not comply, he will be held in contempt, and the Court will direct that he be arrested and held in custody pending a hearing on this matter".
>
> I have heard your threat.  And I accept it.  Let the record be perfectly clear.  Being held in contempt by a court that holds justice in contempt is not a mark of shame.  It is a badge of honor.  It is proof that I have refused to bend to corruption.  I will not "purge" a contempt that is itself contemptible.

(ECF No. 203 at PageID 3520 (citation omitted) (emphasis added).)

Courts have the inherent authority to enforce their orders and to "fashion the remedy for

contumacious conduct."  United States v. Conces, 507 F.3d 1028, 1043–44 (6th Cir. 2007)

(quoting Liberte Cap. Grp., LLC v. Capwill, 462 F.3d 543, 557 (6th Cir. 2006)).  "The most

prominent inherent power is the contempt sanction 'which a judge must have and exercise in

protecting the due and orderly administration of justice and in maintaining the authority and

dignity of the court[.]'"  Sledge v. Indico Sys. Res., Inc., No. 2:13-cv-2578-STA-cgc, 2016 WL

7495893, at *1 (W.D. Tenn. May 12, 2016) (quoting Roadway Express, Inc. v. Piper, 447 U.S.

752, 764 (1980)).  "There can be no question that courts have inherent power to enforce

compliance with their lawful orders through civil contempt."  Shillitani v. United States, 384

U.S. 364, 370 (1966).  Although the contempt power "should not be used lightly," the power "is

a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.  Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory."  Elec. Workers Pension Tr. Fund of Loc. Union |58, IBEW v. Gary's Elec. Serv. Co., 340 F.3d 373, 378 (6th Cir. 2003) (quoting Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911)).  "[A]ll orders and judgments of courts must be complied with promptly."  Maness v. Meyers, 419 U.S. 449, 458 (1975); see also S. Elec. Health Fund v. Bedrock Servs., No. 3:02-0309, 2005 WL 3108461, at *7 (M.D. Tenn. Nov. 18, 2005) ("Contempt proceedings are used to 'enforce the message that court orders and judgments are to be complied with in a prompt manner.'") (quoting Gompers, 221 U.S. at 450).

Mr. Philipson's contumacious conduct has permeated this litigation almost from its onset. The examples abound, and include, but are not limited to, the following:

- Failure to answer Plaintiff's complaint,[1] necessitating the entry of an Order to Show Cause.  (ECF No. 21.)
- Failure to attend the status conference (ECF No. 70), or the Judicial Mediation Conference (ECF No. 72 & 78), before Chief Magistrate Judge Tu M. Pham.
- Failure to attend the February 8, 2024 status conference (ECF No. 89), and failure to respond to the Order to Show Cause that required him to explain why he did not appear, and why the Court should not hold him in contempt (see ECF No. 90).
- Failure to respond to MAA's Motion for Preliminary Injunction (ECF No. 81), or the Order to Show Cause that required him to do so (ECF No. 91).
- Failure to attend the April 15, 2024 contempt hearing (ECF No. 96) set by the Court after it found him in contempt for his "ongoing obstreperous behavior" that included a failure to respond to multiple orders to show cause and failure to attend hearings (ECF No. 94 at PageID 1557).
- Failure to attend the May 9, 2025 Show Cause Hearing set before this Court.  (ECF No. 179.)
- Failure to abide by this Court's Order Directing Defendant to Cease Improper Communications with Court and its Personnel.  (ECF No. 169.)

---

[1] Mr. Philipson never filed an answer to the complaint.

Most relevant here is that he has repeatedly failed to produce the discovery he has been ordered to produce and has failed to provide a satisfactory legal basis for this failure, despite having been given several opportunities to do so.  (See ECF Nos. 181 & 202.)

In other words, this is not the sort of case "where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." Taggart v. Lorenzen, 587 U.S. 554, 561 (2019) (quoting Cal. Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618 (1885)).  Nor is this a case where Mr. Philipson can be said to be unclear on "what the court intends to require and what it means to forbid" in its previous orders.  Id. (quoting Longshoremen v. Philadelphia Marine Trade Assn., 389 U.S. 64, 76 (1967)).  Mr. Philipson has not made a "reasonable" attempt at compliance with this Court's orders.  Id. (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2960, pp. 430–431 (2013)).  In fact, he has repeatedly made it clear, and did so again in his response to the Court's June 25, 2025 Second Order to Show Cause, that he has no intent to abide by this Court's orders, and does not recognize this Court's authority "to issue the orders it seeks to enforce."  (ECF No. 203 at PageID 3505.)

Given the foregoing, and as is evident in Mr. Philipson's filings, there is clear and convincing evidence that he has failed to comply with the conduct required by an effective court order.  Rolex Watch U.S.A., Inc. v. Crowley, 74 F.3d 716, 720 (6th Cir. 1996) (requiring clear and convincing evidence of noncompliance to hold a party in civil contempt).  The evidence is sufficient for Mr. Philipson to be held in civil contempt.

**THEREFORE**, Defendant Dennis Michael Philipson is in contempt of this Court's orders to provide MAA with responses to the outstanding discovery requests.  The Court will cause to be issued a Warrant for the Arrest of Defendant Dennis Michael Philipson.  The United

States Marshal's Office **SHALL** arrest Mr. Philipson as soon as reasonably practicable, hold him

in custody, and **SHALL** bring him before this Court for a hearing on the outstanding discovery.

In carrying out this order, the United States Marshals and other officers of the United

States are authorized to use whatever force is reasonably necessary in order to arrest and restrain

Mr. Philipson, and may do so at any hour of the day or night and on any day of the week.

Reasonable force may include forced entry into Mr. Philipson's home should he refuse to comply

with the Marshal's authority pursuant to the arrest warrant.  Upon arresting Mr. Philipson, the

Marshal **SHALL** bring Mr. Philipson before the nearest United States Magistrate Judge.  The

Magistrate Judge **SHALL** identify Mr. Philipson as the individual subject to arrest for civil

contempt.  After the Magistrate Judge has confirmed Mr. Philipson's identity, the Marshal

**SHALL** bring Mr. Philipson to the Western District of Tennessee, where he shall remain until his

compliance with this Court's orders.  Mr. Philipson may be subject to imprisonment until

compliance with the discovery requests is established.

**IT IS SO ORDERED,** this 15th day of July, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE