IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:23-cv-02186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) ) | |
| Defendant. | ) | |

**ORDER STRIKING ECF NO. 228 AND CLARIFYING THAT THE AUGUST 13, 2025 STATUS CONFERENCE WILL PROCEED**

Before the Court is pro se Defendant Dennis Michael Philipson's Emergency Motion to Execute Final Judgment, End Undue Burden Through Court Process, Close Case, and Respectfully Decline Further Status Conferences, filed on August 1, 2025. (ECF No. 228.)

In the Motion, Mr. Philipson declares the various positions he has on the ongoing litigation, while simultaneously railing against what he describes as undue burdens and humiliations that have been perpetrated upon him by Plaintiff Mid-America Apartment Communities, Inc. ("MAA"), the courts and the nation's justice system. The Motion is one of several filings and communications from Mr. Philipson since the Court issued an Order on July 28, 2025, directing the U.S. Marshals to immediately release him from custody. (ECF No. 220.)[1]

---

[1] In his Motion, Mr. Philipson seeks various forms of relief. The Court notes that much of the relief he seeks asks are outside of the Court's control and, are, in large part, up to him. For instance, the Court cannot "execute the final judgment using all necessary legal means." Nor can the Court "[b]ring this case to a lawful, documented, and final resolution," beyond that which it has already done. The Court entered a judgment in this matter on November 1, 2024. (ECF No. 123.) That judgment remains in place and, as the Court has pointed out to Mr. Philipson on numerous occasions, the Court retains jurisdiction over this matter to enforce its judgment. (See, e.g., ECF No. 162 at PageID 2806 (citation omitted).) This also includes the Court's authority to

That Order explained that, upon his release from custody, he was required to do three things:

> First, he shall fully respond to the Interrogatories in MAA's Discovery Requests in Aid of Execution (the "Discovery Requests") by verifying under oath his responses.
> Second, Mr. Philipson shall produce all documents MAA requested as part of its Discovery Requests. The Parties may submit a consent protective order to the Court to facilitate the exchange of information.
> Lastly, Mr. Philipson shall set forth his representations outlined in his Emergency Response regarding his commitment to stop harassing MAA (including its affiliates, personnel, and Board of Directors), MAA's counsel, and Court personnel, and to comply with the Court's orders, both past and future, in a signed declaration under penalty of perjury. Mr. Philipson shall file that document on the docket in this case.

(Id. at PageID 3683.) The Court set an August 12, 2025 deadline for Mr. Philipson to comply with those obligations, and set a hearing for the next day at which the Court would address his compliance. (Id. at PageID 3684.)[2]

A little more than two hours after Mr. Philipson filed his Motion, he filed a Notice of Intent to Retain Counsel and Motion to Withdraw Pro Se Motion Filed as Docket Entry 228. (ECF No. 229.) In that filing, Mr. Philipson indicates that he is meeting with an attorney on August 7, 2025, and that he "respectfully requests the opportunity to consult with counsel prior to taking any further substantive action in this matter, including proceeding on any pending

---

enforce the terms of the permanent injunction (ECF No. 97) that it issued. See Lorillard Tobacco Co. v. Chester, Willcox & Saxbe, 589 F.3d 835, 847 (6th Cir. 2009) ("[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it.") (quoting Wesch v. Folsom, 6 F.3d 1465, 1470 (11th Cir. 1993)). If Mr. Philipson satisfies the judgment, by agreement or otherwise, and does not violate the terms of the permanent injunction, he will have, effectively, brought this case to a "lawful, documented, and final resolution."

[2] Although Mr. Philipson's Motion vaguely implies that he has, in fact, complied with the requirements set out in the Order, the Motion includes no evidence that he has satisfied any of the Order's requirements. In any event, determining whether Mr. Philipson has complied will require the Court to hear from all Parties.

2

motions or case management issues." (Id. at PageID 3843.) The Court **GRANTS** Mr. Philipson's request to strike ECF No. 228.

Nevertheless, to the extent that Mr. Philipson's motion seeking to withdraw ECF No. 228 also seeks to "[c]ancel or decline to proceed with the August 13, 2025 status conference," as he attempted to do in the now-withdrawn Motion (see ECF No. 228 at PageID 3841), that request is **DENIED**.

Because there are outstanding issues regarding Mr. Philipson's compliance with the conditions set forth in the Order that granted his release from custody (ECF No. 220), a status conference is necessary, whether or not he has retained counsel. Therefore, the Court will proceed with the previously scheduled status conference set for **10:00 a.m. Wednesday, August 13, 2025, via Microsoft Teams video conference**. (See ECF Nos. 221 & 227.) If Mr. Philipson has retained counsel before then, counsel must properly appear in the case and, if necessary, satisfy all obligations associated with being admitted pro hac vice to this Court.

As the Court previously explained, if Mr. Philipson "fails to attend the status conference or fails to demonstrate that he has complied, or is in the process of complying with" the requirements set out in the Court's July 28 Order, "the Court will once again find him in contempt, issue another warrant for his arrest, and order the United States Marshal's Office to bring him before this Court." (Id. at PageID 3684.)

**IT IS SO ORDERED,** this 4th day of August, 2025.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> CHIEF UNITED STATES DISTRICT JUDGE