IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:23-cv-2186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING REQUEST FOR POST-JUDGMENT ACCOUNTING**

Before the Court is a document styled as a Request for Post-Judgment Accounting, Declination of Settlement, Enforcement Clarification, and In-Person Status Conference Following Document Disclosure, filed July 30, 2025, by Defendant Dennis Michael Philipson, who is proceeding pro se.  (ECF No. 224.)  Plaintiff Mid-America Apartment Communities, Inc. ("MAA"), did not respond to the Motion.[1]  Although the filing addresses several issues, to the extent it seeks relief in the form of a post-judgment accounting, that request is **DENIED**.

As a starting point, almost all of the issues Mr. Philipson raises in his filing have been rendered moot by his compliance with the Court's requirement that he provide answers to MAA's outstanding discovery requests, and MAA's confirmation of its receipt of those responses.  Nevertheless, Mr. Philipson asks that he "be provided with a true and original copy of every invoice, estimate, creditor name, and accounting document that forms the basis of the judgment, and that such materials be served in full accordance with Rule 5 and Tennessee law,"

---

[1] On August 27, 2025, the Court held a status conference in which it invited the parties to respond to any outstanding motions by September 3, 2025.  (ECF No. 268.)

as "[t]his is the minimum procedural safeguard necessary to ensure that I can exercise my rights and obligations accurately, and in good faith." (Id. at PageID 3694.)

It is not entirely clear what Mr. Philipson is seeking through this request, but the record is replete with documents that form the basis for the judgment entered against him. The relevant procedural history began on May 6, 2024, when the Court entered an Order Granting Motion for Sanctions of Judgment and Granting in Part Motion for Permanent Injunction. (ECF No. 97.) In that Order, the Court detailed the basis for granting MAA's Motion for Judgment and required that, "[w]ithin fourteen days of the entry of this Order, MAA shall submit a detailed description of the damages it has incurred, consistent with the findings within this Order. To the extent a damages hearing will be necessary, the Court will set it by separate order." (Id. at PageID 1576.)

On May 17, 2024, MAA submitted a notice with its description of its damages, which included detailed costs that it incurred in prosecuting this action. (ECF No. 99.) Among other things, the filing detailed the number of hours MAA's attorneys worked on the case. The notice also purported to include two declarations that substantiated its damages claims, but failed to include either declaration. The Court subsequently informed MAA that, if it "intends to rely on the declarations in support of its damages claims, it must supplement its filing with the exhibits within three days of the entry of this Order," and gave Mr. Philipson two weeks from any such filing to respond. (ECF No. 100.) MAA re-filed its description of damages with the declarations three days later. (ECF No. 101.)

On June 13, 2024, the Court entered an Order Requiring Supplementation after determining that MAA's notice was deficient under the Local Rules. (ECF No. 102.) The Court explained that the supplement, which was due within fourteen days, "must differentiate among the hours worked by attorneys, litigation technology professionals, and paralegals, as well as

2

their accompanying rates.  MAA shall also file a declaration from another attorney in the community that speaks to the prevailing rate of the work completed, consistent with the Local Rules."  (Id. at PageID 1607.)[2]  On July 3, 2025, the Court granted MAA a brief extension of time to file its supplementation (ECF No. 109), and, two days later, it filed two documents that provided the requested detail and brought its damages description in compliance with the Local Rules (ECF Nos. 111 and 112).  One of the filings was an affidavit from one of MAA's attorneys, and included as an attachment the detailed billing entries explaining the costs MAA incurred through the work of its counsel.  (ECF No. 111-1.)  Mr. Philipson did not respond to those filings.

On November 1, 2024, after the Sixth Circuit Court of Appeals denied Mr. Philipson's initial appeal, the Court entered an Order Granting Motion for Entry of Judgment and Determining Damages Award.  (ECF No. 122.)  That Order, along with MAA's detailed submissions that formed the basis for it, contains everything that forms the basis for the judgment against Mr. Philipson and renders moot his request for a post-judgment accounting.

Mr. Philipson asserts that "[i]n Tennessee, courts have emphasized that '[a] judgment debtor is entitled to know the basis of the amounts claimed and to be informed of the identity of all parties asserting entitlement under the judgment.'"  (ECF No. 224 at PageID 3694 (quoting (supposedly) First Nat'l Bank of Polk Cnty. v. Goss, No. E2008-01530-COA-R3-CV, 2009 WL 2046052 (Tenn. Ct. App. July 15, 2009).)  However, the case as cited does not exist, at least not

---

[2] In and around this time, Mr. Philipson filed several documents, including a rambling, 121-page filing that he styled as a Motion for Entry of Judgment to Terminate Proceedings Due to Perceived Procedural Misconduct, Judicial Bias, and Whistleblower Retaliation by Mid-America Apartment Communities, Inc., Employees and Affiliates (ECF No. 106), as well as a document in which he informed the Court that he would be appealing to the Sixth Circuit Court of Appeals (ECF No. 110).  None of those filings are relevant to Mr. Philipson's request for a post-judgment accounting, and he never responded directly to MAA's filings.

3

outside of the realm of Mr. Philipson—or his computer's—imagination.  There is a case that includes those parties, but the Tennessee Court of Appeals decided it in 1995.  See First Nat'l Bank of Polk Cnty. v. Goss, 912 S.W.2d 147 (Tenn. Ct. App. 1995).  You will not find the quote Mr. Philipson provides in that case, which dealt with the timeliness of the filing of an appeal.  And, after an exhaustive search, the undersigned did not find the quoted language in any order or opinion issued by any state or federal court in this country.  Given that Mr. Philipson has represented to this Court in previous status conferences that he uses artificial intelligence to generate the content in his filings, the Court suspects that the citation is fabricated, and the quote concocted, both likely created by a generative artificial intelligence tool.

Federal Rule of Civil Procedure 11, "which applies to all parties, including pro se litigants, provides that when a paper is submitted to the court, '[a] party certifies that to the best of the person's knowledge, . . . formed after an inquiry reasonable under the circumstances: . . . [the] legal contentions are warranted by existing law[.]"  Ferris v. Amazon.com Servs., LLC, 778 F. Supp. 3d 879, 881 (N.D. Miss. 2025) (quoting Fed. R. Civ. P. 11(b)(2)).  District courts are permitted to impose Rule 11 sanctions sua sponte.  Bojicic v. DeWine, 145 F.4th 668, 671 (6th Cir. 2025) (finding such sanctions appropriate after allowing the opportunity to show cause as to why conduct did not violate Rule 11(b)); see also Fed. R. Civ. P. 11(c)(5)(B) ("The court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3).")

The increased use by lawyers and non-lawyers of artificial intelligence to draft legal documents has resulted in a scourge of fictitious case citations in court documents in recent years.  Many harms flow from deceptively citing to nonexistent case law and fabricated quotations, "including wasting the opposing party's time and money, the Court's time and

4

resources, and reputational harms to the legal system (to name a few)." Buckner v. Hilton Glob., No. 3:24-CV-375-RGJ, 2025 WL 1725426, at *7 (W.D. Ky. June 20, 2025) (quoting Morgan v. Cmty. Against Violence, No. 23-CV-353-WPJ/JMR, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023)); see also Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023) (identifying a slew of potential harms that flow from the citation to fake opinions, including that "the opposing party wastes time and money in exposing the deception"; "[t]he Court's time is taken from other important endeavors"; "[t]he client may be deprived of arguments based on authentic judicial precedents"; "potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct"; "promot[ing] cynicism about the legal profession and the American judicial system"; and that "a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.")

Against this backdrop, "[c]ourts across the country have issued sanctions against attorneys and pro se parties for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the court, including . . . monetary sanctions[.]" United States v. Hayes, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025) (collecting cases), reconsideration denied, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025). Consistent with those rulings, going forward, if Mr. Philipson files anything else in this matter and those filings contain fictitious case citations or fictitious quotations, the Court will consider imposing sanctions against him, including monetary ones.

In any event, as explained above, to the extent that Mr. Philipson relies on the fake case and fake quotation to support his contention that, "[p]ut plainly, [he is] entitled to see and evaluate the original documentation that forms the basis of this judgment" (ECF No. 224 at

5

                       PageID 5251

PageID 3698), the documentation he seeks is in the record.  Accordingly, his request for a post-judgment accounting is **DENIED**.

    **IT IS SO ORDERED,** this 11th day of September, 2025.

                                              s/ Sheryl H. Lipman
                                              SHERYL H. LIPMAN
                                              CHIEF UNITED STATES DISTRICT JUDGE