**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:23-cv-2186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) | |
| Defendant. | ) | |

**ORDER EXTENDING TIME FOR DEFENDANT DENNIS MICHAEL PHILIPSON TO
PROVIDE MATERIALS PURSUANT TO PREVIOUS ORDERS**

On April 7, 2026, the Court entered an Order Finding Defendant Dennis Michael Philipson in Civil Contempt, Assessing Monetary Sanctions for Violations of Permanent Injunction, Ordering Defendant to Show Cause, and Providing Guidance on Documenting Violations of Permanent Injunction.  (ECF No. 379.)  The next day, Mr. Philipson provided a response to the order to show cause (ECF No. 380) and filed, and later attempted to withdraw, a Motion to Allow Voluntary Surrender and to Hold in Abeyance Any Forced Entry, Seizure Execution, or Arrest (ECF Nos. 381, 384),[1] as well as a notice of ongoing settlement efforts (ECF No. 382).

After the Court reiterated that Mr. Philipson was to surrender certain materials to the Clerk's Office on April 17, 2026, Mr. Philipson responded to that Order, explaining that he was providing "unequivocal notice that he will not travel to Tennessee on April 17, 2026, or at any other time, for the surrender proceeding commanded by ECF Nos. 383 and 385."  (ECF No. 386 at PageID 8636.)

---

[1] Before the Clerk's Office docketed Mr. Philipson's motion to withdraw the motion, the Court granted the underlying motion and accepted Mr. Philipson's offer to surrender the materials rather than have the objects recovered from his house through the United States Marshals Service, and provided the date and time he was to do so.  (See ECF No. 383.)

Consistent with his approach since judgment was entered against him on November 1, 2024 (ECF No. 123), in recent days Mr. Philipson has sent multiple emails to the Court and its personnel, to other judges in this District, and to an untold number of other recipients.  The communications with the Court and its personnel violate the Court's long-ago, and frequently articulated, directive that Mr. Philipson is to "cease any communications with Court personnel, other than communications to the Clerk's office related to appropriate filings."  (See, e.g., ECF No. 285 at PageID 5264 n.1.)

The hundreds of communications Mr. Philipson has sent to this and other courts continue to be a drain on judicial resources.  Those communications vacillate from being apologetic and desiring to have the case brought to an immediate end, to being combative, vitriolic and veiledly threatening, often in the same day.  That pattern also plays out in Mr. Philipson's filings in this case which, at one point after judgment was entered, became so frequent, voluminous, and typically irrelevant to any matter before the Court, that the Court, like the Sixth Circuit Court of Appeals before it, had to implement filing restrictions upon him.  (See ECF No. 310.)

A recent example of Mr. Philipson's flip-flopping can be found when he offered to voluntarily provide the materials that the Court ordered him to surrender "at a date, time, and place designated by the Court or the United States Marshals Service, preferably within seventy-two hours of entry of the Courts order."  (ECF No. 381 at 8583.)  That filing was docketed at 2:12 p.m. April 8, 2026.  Then, less than twenty-four hours later, Mr. Philipson submitted a motion to withdraw that motion, asserting that Plaintiff was not willing to negotiate with him in good faith. (ECF No. 384.)  But, as the Court previously pointed out, the Court did not make Mr. Philipson's

requirement to surrender the materials contingent upon Plaintiff negotiating a resolution to this matter.  (ECF No. 385 at PageID 8623–24.)[2]

The email bombs Mr. Philipson dispenses, along with many of his filings, typically share a commonality: they attempt to obscure the fundamental facts of this case.  The Court provides a brief summary of those facts below, but first reiterates the following: it expects Mr. Philipson to surrender the materials previously identified to the Clerk's Office in Memphis, that is, all electronic devices, storage media, and accounts that either (1) were used in connection with his whistleblower submissions or (2) contain confidential information related to MAA, MAA customers, or MAA residents.  The Court will extend the time at which he can do so to **10:00 a.m. Friday, April 24, 2026**.  Mr. Philipson's failure to submit the materials will be viewed as an additional example of his contempt of this Court's orders, which have been numerous.  Any such contempt will be included in this Court's referral to the United States Attorney for prosecution.

The Court holds out hope that such a referral can be avoided, but it is not optimistic. At this point, what has been clear in the bulk of Mr. Philipson's filings and emails, is that he has lost the thread in this case.  So, in his response to the order to show cause, Mr. Philipson asserts that "[t]he present record is full of dispute about purpose, context, clarity, scope, and the legitimacy of the underlying process."  (ECF No. 380 at PageID 8574–75.)  That recitation puts a gloss on Mr. Philipson's activities, obscures the current posture of the case and what it was about from the beginning, and ignores the slew of opportunities the Court has given Mr. Philipson to first defend

---

[2] The Parties previously entered into a settlement agreement in this matter, but soon thereafter on July 29, 2025, Mr. Philipson sent Plaintiff Mid-America Apartment Communities, Inc. ("MAA") a "notice . . . that the agreement in principle to settle this case has been disavowed by him and he has declined to finalize the settlement."  (ECF No. 223 at PageID 3689.)

himself in this action and, after the permanent injunction and judgment were entered against him, to cease his obviously contemptuous behavior.

Despite Mr. Philipson's protestations to the contrary and in spite of what his ongoing contemptuous behavior may have caused the case to now devolve into, this case, which was filed April 3, 2023, is about Mr. Philipson's trademark infringement and related tortious activities against MAA.  MAA discovered what it believed to be actions which violated its rights under several statutes and the common law, so it filed a lawsuit against then unnamed Defendants.  After issuing subpoenas to try to determine who was responsible for those violations, it homed in on Mr. Philipson, and named him as the Defendant in its amended complaint, adding additional causes of action in the process.  (See ECF No. 16.)

Mr. Philipson never answered the amended complaint.[3]  He did appear for the scheduling conference on September 11, 2023, at which the Court instructed him to provide responses to MAA's expedited discovery.  (See ECF No. 45.)  Shortly thereafter, Mr. Philipson filed a notice in which he stated that he "diligently reviewed all my documents and emails for any mention of MAA or their associates.  Regrettably, I couldn't locate any documents resp[]onsive to the request."  (ECF No. 48 at PageID 440.)  Mr. Philipson sat for his deposition on October 30, 2023 (see ECF No. 87-1), but from that point forward did little to engage in the case, in spite of the Court's many entreaties to convince him to do so.

After the Court enlisted Chief Magistrate Judge Tu M. Pham to conduct the mediation in the case, Mr. Philipson failed to attend it (ECF No. 74), and several days later filed a motion to

---

[3] He did respond to an order to show cause that required him to explain why he failed to file an answer, but that response did not address the allegations in the amended complaint directly, and instead asserted that he "firmly believe[s] that this case should be entirely dismissed."  (ECF No. 22 at PageID 299.)

continue it (ECF No. 75).  He filed a motion and an amended motion for reasonable accommodations on December 3, 2023 (ECF Nos. 76, 77), and the next day explained in an email to the Court that the requests should not be docketed and that he recognized that he may not be entitled to the relief he previously sought.

MAA filed a motion for preliminary injunction on January 25, 2024, in which it alleged many ways in which Mr. Philipson infringed on MAA's trademarks, defamed the company and its employees, attempted to access its computer system, engaged in cyber harassment, and deceit, among other things.  (ECF No. 82.)  The Court held a status conference on February 8, 2024.  (ECF No. 89.)  Mr. Philipson did not attend.  The same day, the Court entered an Order to Show Cause as to why Mr. Philipson did not attend the status conference.  (ECF No. 90.)  Mr. Philipson never responded.  After Mr. Philipson's deadline to respond to the motion for preliminary injunction expired without a response from him, the Court entered another Order to Show Cause on February 13, 2024, requiring him to explain "whether there is a dispute as to any of the facts in MAA's motion, and to otherwise respond to the motion.  If Mr. Philipson fails to respond to this Order, in writing and on the docket by March 5, 2024, the Court will consider the facts in the motion undisputed, will not conduct an evidentiary hearing, and will proceed to evaluate the questions of law at issue in the motion."  (ECF No. 91 at PageID 1476.)  Mr. Philipson never responded.

On March 19, 2024, the Court entered an order that granted in part and denied in part the motion for preliminary injunction, and set a contempt hearing for April 15, 2024.  (ECF Nos. 94, 95.)  Mr. Philipson did not attend the contempt hearing.  (ECF No. 96.)  On May 6, 2024, the Court entered an order granting motion for sanctions of judgment and granting in part MAA's motion to permanent injunction.  (ECF No. 97.)

On May 21, 2024, Mr. Philipson sent an email to the Court instructing it that he could not make it to the contempt hearing that occurred more than a month before, but that he would "see you at the trial in June!"  On June 13, 2024, Mr. Philipson sent an email to the Court in which he indicated that he "would like to get this over with, pay the bill, and move on."  (ECF No. 103-1 at PageID 1764.)

On July 3, 2024. Mr. Philipson appealed the Court's order granting motions for sanctions of judgment.  (ECF No. 110.)  The Sixth Circuit denied that appeal.  (ECF Nos. 120, 121.)  Then, on November 1, 2024, the Court entered an order granting motion for entry of judgment and determined that "MAA is entitled to $623,964.84," which included "$590,749.93 in damages, attorneys' fees, and costs, and $33,214.91 in pre-judgment interest.  MAA shall also be entitled to post-judgment interest at a rate of 5.19% on the damages, attorneys' fees, and costs awarded, consistent with the above."  (ECF No. 122 at PageID 2230.)  Mr. Philipson appealed that decision to the Sixth Circuit.  (ECF No. 126.)  Mr. Philipson lost that appeal, too (ECF No. 141), and the mandate issued on July 2, 2025 (ECF No. 205).

Much has happened in the case since then, including multiple instances in which the Court has found Mr. Philipson in contempt and assessed additional penalties against him for violating the terms of the permanent injunction and this Court's orders.  (See ECF Nos. 209, 285, 298, 379.)[4] After the Court entered its order assessing an additional $46,700 in sanctions against Mr. Philipson for his violations of the permanent injunction (ECF No. 298), he responded the same day, explaining that he "sincerely apologizes to the Court for any conduct that has violated or appeared

---

[4] Mr. Philipson had an appeal pending before the Sixth Circuit that he voluntarily dismissed.  (See ECF No. 359, 360.)  When he did so, this Court dismissed several of his motions that were pending before it.  (ECF No. 367.)  On March 27, 2026, Mr. Philipson filed an appeal of that decision.  (ECF No. 375.)  That appeal is pending.

6

to violate its prior orders.  Defendant assures the Court that he has taken this ruling very seriously and will immediately cease all actions identified by the Court as prohibited." (ECF No. 299 at PageID 5466.)  Mr. Philipson also indicated he was committed to full compliance with the permanent injunction and "request[ed] the Court take notice of his acknowledgment, good-faith intent to comply, and immediate cessation of the conduct described in the Order." (Id. at PageID 5469.)  The next day, Mr. Philipson supplemented that filing twice, including with an index of MAA's declarations and affidavits, and attempted to add caveats to his initial filing.  (ECF Nos. 300, 302.)

All of Mr. Philipson's filings since the Sixth Circuit order upholding the judgment in this case became final—including both those in which Mr. Philipson acknowledges his liability or disputes it—do not change the reality that this Court's judgment was long ago rendered final. Before it was, Mr. Philipson had ample opportunity to challenge the facts alleged in the lawsuit against him.  He was free then to offer up the unsubstantiated claims that he made in his appeal of the judgment to the Sixth Circuit and has been making on the docket and in emails to the Court in the months since.  Those claims include, without limitation, that there was foul play regarding subpoenas MAA submitted, that there was fraud on the Court, that there is a grand conspiracy among the judiciary to deprive him of his rights, and that this whole dispute was designed by MAA to silence a whistleblower, and not to actually hold Mr. Philipson accountable for the wrongs that he perpetrated against the company, the vast majority of which he has never disputed.[5] For whatever reason, Mr. Philipson did not defend himself in this Court despite having ample

---

[5] Mr. Philipson also did not attend the hearing at which he could have disputed MAA's allegations that he posted personal information belonging to over 17,000 MAA community residents in MAA's whistleblower portal, which not only was in direct violation of the Permanent Injunction and past orders, but also directly contravened Mr. Philipson's previous representations that he no longer possesses information relating to MAA.

opportunity to do so, resulting in the judgment being entered against him.  And after he appealed that judgment to the Sixth Circuit, that court found his appeal wanting.  That judgment is no longer subject to review.

Moreover, as has been pointed out to Mr. Philipson on numerous occasions, the Court retains jurisdiction over this matter to enforce its judgment, which includes the authority to enforce the terms of the permanent injunction.  (ECF No. 232 at PageID 3868 n.1 (citations omitted).)  To the extent that Mr. Philipson has appealed any post-judgment orders, that does not strip the court of its jurisdiction over the enforcement of its judgment through the orders ancillary to that judgment.

Therefore, to reiterate, Mr. Philipson shall provide to the Clerk's Office, at **10:00 a.m. Friday, April 24, 2026**, all electronic devices, storage media, and accounts that either (1) were used in connection with his whistleblower submissions or (2) contain confidential information related to MAA, MAA customers, or MAA residents.  A failure to submit the materials as directed will be viewed as an additional example of Mr. Philipson's criminal contempt, will be included in the notice the Court issues as to that criminal contempt, and will accompany the Court's request that the contempt be prosecuted by an attorney for the government, consistent with Federal Rule of Criminal Procedure 42 .

Finally, while the Court has repeatedly entered orders explaining the procedural and substantive posture of this case in an effort to assist Mr. Philipson in light of his many unsupported conclusions, it will not do so any longer.  The judicial resources devoted to this matter far exceed what should have been required for a straight forward trademark dispute.  Of course, the Court

will continue to rule on pending matters, but will no longer attempt to explain the case in response

to Mr. Philipson's irrelevant conspiratorial theories.

     **IT IS SO ORDERED,** this 14th day of April, 2026.

          s/ Sheryl H. Lipman
          SHERYL H. LIPMAN
          CHIEF UNITED STATES DISTRICT JUDGE