**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:23-cv-2186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO ACKNOWLEDGE GOOD-FAITH COMPLIANCE
STEPS, DEFENDANT'S RESPONSE TO ECF NO. 388, NOTICE OF GOOD-FAITH
INTERIM PRODUCTION AND SERVICE OF USB MATERIALS,
ACKNOWLEDGMENT OF EXTENSION**

Before the Court is Defendant Dennis Michael Philipson's Motion to Acknowledge Good-Faith Compliance Steps, Defendant's Response to ECF No. 388, Notice of Good-Faith Interim Production and Service of USB Materials, Acknowledgment of Extension, filed April 16, 2026. (ECF No. 391.) In the Motion, Mr. Philipson asks the Court to acknowledge "on the docket" what he has done in response to ECF No. 388 and "to document interim production and related service steps." (Id. at PageID 8759.)[1]

Mr. Philipson seems to indicate that his mailing of certain materials suggests he is complying, or intending to comply, with the Court's orders. (Id. at PageID 8762.) So, he seeks for the Court to acknowledge that "he has taken documented, concrete steps to transmit the materials presently in his possession relating to MAA and his governmental whistleblower submissions, and he is acknowledging the extended deadline reflected in ECF No. 388." (Id. at

---

[1] Given Mr. Philipson's fast-approaching production deadline, along with the fact that his Motion seeks Court action that does not compel any actions from Plaintiff Mid-America Apartment Communities, Inc., the Court issues this Order absent a response from Plaintiff.

PageID 8765.)  He asserts that, "because the Court has repeatedly characterized Defendant's conduct as inconsistent or evasive, Defendant respectfully asks the Court to acknowledge the above mailings and related interim production steps as concrete evidence of good-faith compliance efforts."  (Id. at PageID 8766.)

Whether Mr. Philipson has sent the materials via the United States Postal Service that are outlined in his Motion—which may include materials that he previously represented not having on multiple occasions—has no bearing on whether he complied with the Court's orders that require him to produce the materials to the Clerk's Office.  (See ECF Nos. 379, 383, 385, 388.)  To date, Mr. Philipson has not demonstrated any good faith efforts to comply with those orders, and, in fact, on April 15, 2026, he reported to the Clerk's Office that he would be coming the next day to surrender "2 laptops, 2 cellphones and a USB drive."  Then, eleven minutes after telling the Clerk's Office that he would "[s]ee you tomorrow," he sent a follow-up email explaining "[p]lease be advised that I am rescheduling my flight and will not be arriving on April 16, 2026.  I intend to wait for the Court's rulings on my pending motions before finalizing further travel arrangements, I was able to receive a credit, thanks to MAA's discount code."

Although Mr. Philipson's filings and communications send conflicting messages, his Motion acknowledges that the Court extended the deadline for him to produce the materials it previously ordered produced, and suggests that the steps he has taken are merely "interim" ones. (See ECF No. 388.)  Regardless, consistent with the Court's earlier Order, Mr. Philipson must surrender all the devices previously described to the Clerk's Office by 10:00 a.m. Friday, April 24, 2026.  As noted, "[a] failure to submit the materials as directed will be viewed as an additional example of Mr. Philipson's criminal contempt, will be included in the notice the Court issues as to that criminal contempt, and will accompany the Court's request that the contempt be prosecuted

2

by an attorney for the government, consistent with Federal Rule of Criminal Procedure 42." (Id. at

PageID 8671.)

So, although Court acknowledges that Mr. Philipson states that he mailed certain materials

to various recipients, including Plaintiff and several of its attorneys, the only way to demonstrate

good-faith compliance with the Court's Order is to comply with its terms.  Those terms do not

include mailing anything to anyone.  Consistent with the foregoing, Mr. Philipson's Motion is

**DENIED**.

**IT IS SO ORDERED,** this 20th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3