### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:23-cv-2186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) | |
| Defendant. | ) | |

### ORDER DENYING DEFENDANT'S RENEWED MOTION, AND TO THE EXTENT REQUIRED MOTION FOR LEAVE, TO CORRECT AND SETTLE THE RECORD ON APPEAL, TO REQUIRE PLAINTIFF TO LODGE MATERIALS ACTUALLY USED IN THE PROCEEDINGS, AND, IN THE ALTERNATIVE, FOR AN INDICATIVE RULING UNDER RULE 62.1

Before the Court is pro se Defendant Dennis Michael Philipson's Renewed Motion, and To the Extent Required Motion for Leave, to Correct and Settle the Record on Appeal, to Require Plaintiff to Lodge Materials Actually Used in the Proceedings, and, in the Alternative, for an Indicative Ruling Under Rule 62.1, filed April 13, 2026.  (ECF No. 390.)  Plaintiff Mid-America Apartment Communities, Inc. ("MAA"), responded on April 30, 2026.  (ECF No. 401.)[1]  For the reasons that follow, the Motion is **DENIED**.

### BACKGROUND

The history of this case has been laid out in several previous orders.  In short, and as relevant here, on May 6, 2024, the Court entered an Order Granting MAA's Motion for Sanctions

---

[1] On May 4, 2026, Mr. Philipson submitted, among other things, a reply to Plaintiff's response.  The Court explained that those filings were not permitted under Local Rule 7.2(c), which provides that, "[e]xcept as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply."  (ECF No. 405 at PageID 9447 (quoting LR 7.2(c).)  The Court explained that, "[t]o the extent Mr. Philipson has sought leave to file those documents, his motion is **DENIED**," as the filing was "unnecessary for the Court to rule on the underlying motion[]."  (Id.)

of Judgment and Granting in Part Motion for Permanent Injunction, granting default judgment in the process.  (ECF No. 97.)  The basis for that ruling was, in part, that "Mr. Philipson has had multiple opportunities to challenge MAA's factual allegations against him in the motions for injunctive relief, both preliminary and permanent, and has not done so," that Mr. Philipson did not "challenge the Court's factual or legal findings in its Order granting in part MAA's preliminary injunction," and that "Mr. Philipson never filed an answer in this matter and, when he was given the opportunity during his deposition to challenge many of the factual assertions MAA has made in this litigation, he did not do so, instead repeatedly saying that he did not recall whether he engaged in the actions alleged by MAA."  (Id. at PageID 1563; id. n.2.)

In the Order, the Court also explained that default judgment was warranted under Federal Rules of Civil Procedure 16 and 37 as well as the Court's inherent power.  (See id. at PageID 1570–75.)  In so doing, the Court explained that "Mr. Philipson's actions have continually thwarted the orderly and expeditious disposition of this case," that he "did not engage in mediation, despite the Court's appointment of one of its magistrate judges to conduct the mediation," that "[h]is refusal to engage in discovery has made it impossible for MAA to abide by the deadlines set in the Scheduling Order," and that "[h]e has ignored the Court's orders, failed to attend multiple hearings and to respond to multiple show cause orders."  (Id. at PageID 1575.)

Mr. Philipson appealed that Order to the Sixth Circuit Court of Appeals.  (ECF No. 110.)  The Sixth Circuit denied that appeal on September 5, 2024, as untimely.  (ECF No. 120.)

This Court then granted Mr. Philipson's Motion for Entry of Judgment, determined that he was liable to MAA for $623,964.84, and entered judgment in favor of MAA.  (ECF Nos. 122, 123.)  Mr. Philipson appealed the judgment on December 2, 2024.  (ECF No. 126.)  The Sixth Circuit affirmed on June 9, 2025.  (ECF No. 197.)  That judgment became final and unappealable

2

when Mr. Philipson did not seek relief from the United States Supreme Court within his time to do so.  See 28 U.S. Code § 2101.[2]

On November 20, 2025, Mr. Philipson filed a Motion to Correct and Settle the Record by Compelling Plaintiff to File All Served Subpoenas, Returns, and Related Materials with a Sworn Certification (ECF No. 326), then withdrew the motion (ECF No. 327), and then filed an Amended Emergency Motion to Correct and Settle the Record Regarding Subpoenas and Subpoena-Derived Materials (ECF No. 329).  That motion sought the same relief that he sought in his withdrawn motion.  The Court denied that motion as moot, given that the relief that Mr. Philipson sought was tied to an appeal that he had filed, and subsequently dismissed, with the Sixth Circuit.  (ECF No. 367.)

After Mr. Philipson appealed the mootness order (ECF No. 375), he renewed the motion to correct the record, asserting that, given the newly pending appeal, as well as the fact that "[t]he Court did not reach the merits of whether" he was entitled to correct the record on appeal, "[t]he issue is therefore live again," and his "filing is a motion seeking concrete relief tied to that live appeal."  (ECF No. 390 at PageID 8675.)

Mr. Philipson brings the current Motion pursuant to Federal Rule of Civil Procedure 5(d)(1)(A), and Federal Rule of Appellate Procedure 10.  He seeks an order granting him one or two forms of relief: either "the filing or sealed lodging of materials that MAA actually used in the district court" or "a sworn declaration identifying categories that were not before the Court and

---

[2] The Court has entered multiple orders since the judgment became final.  For instance, the Court found Mr. Philipson in civil contempt and issued an arrest warrant against him.  (ECF Nos. 209, 211.)  It granted MAA's motion for contempt (ECF No. 285), and assessed monetary sanctions against Mr. Philipson for violations of the permanent injunction (ECF Nos. 298, 379).  Most recently, the Court found Mr. Philipson in criminal contempt.  (ECF No. 404.)

were not relied upon by the Court in entering relief." (Id. at PageID 8677.)  He asserts that the categories of documents he is requesting are material to the pending appeal.  (Id.)[3]

The categories of documents Philipson seeks include the following: (1) "true and correct copies of every third-party subpoena actually issued and served in this action and actually used in the proceedings, together with all attachments, cover letters, transmittals, proof of service, certifications, returns, and productions actually received"; (2) "any police reports, fraud reports, invoices, repair estimates, bills, chargeback records, or similar documents that MAA or its counsel contend were actually used in this Court to support allegations that Defendant committed payment-card or credit-card fraud or caused compensable payment-card losses"; and (3) "a declaration under 28 U.S.C. § 1746 from counsel of record certifying the completeness and accuracy of the materials supplied, identifying the date and recipient or source of each responsive category, and stating—category by category—whether any responsive material was never before the Court and was not relied upon by the Court in granting any relief." (Id. at PageID 8679–80.)

MAA asserts that the relief Mr. Philipson seeks "is an attempt to create a record for appeal that he failed to create in the trial court, which is not permissible."  (ECF No. 401 at PageID 9397.)  MAA further characterizes the relief Mr. Philipson requests as "nonsensical," and asserts that it "would require the filing of untold volumes of information that are replete with privileged communications, work product, and confidential information if it somehow played into MAA's strategy in the case," and "would further require MAA to determine what in its vast case file was

---

[3] Mr. Philipson alternatively asks the Court to enter an indicative ruling under Federal Rule of Civil Procedure 62.1(a), to the extent that his pending appeal deprives the Court of the "authority to compel all requested relief at this time." (ECF No. 390 at PageID 8678.)  Because, as described herein, Federal Rule of Appellate Procedure 10(e) allows for record corrections before or after the record has been forwarded, an indicative ruling is unnecessary.

<u>not</u> used in its strategy.  There is absolutely no precedent for such relief and Defendant does not

cite any."  (<u>Id.</u> at PageID 9398.)

## **APPLICABLE LAW**

Federal Rule of Appellate Procedure 10(a) explains that "[t]he following items constitute

the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the

transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the

district clerk."  Rule 10(e) details the means by which the record may be corrected or modified.  It

provides that,

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>> (A) on stipulation of the parties;
>> (B) by the district court before or after the record has been forwarded; or
>> (C) by the court of appeals.
> (3) All other questions as to the form and content of the record must be presented to the court of appeals.

Under the Federal Rules of Civil Procedure, "the following discovery requests and

responses must not be filed until they are used in the proceeding or the court orders filing:

depositions, interrogatories, requests for documents or tangible things or to permit entry onto land,

and requests for admission."  Fed. R. Civ. P. 5(d)(1)(A).  Under this Court's Local Rules and the

ECF Policies and Procedures attached thereto, "[a]n example of material exchanged between

attorneys but not directly filed through the ECF system would be discovery documents and data."

Electronic Case Filing Policies and Procedures Manual, 2.4A.

## **ANALYSIS**

Mr. Philipson's motion is not well-taken for multiple reasons.  First, and most

fundamentally, the matters that are on appeal at this point, and that may be appealed in the future,

5

all have to do with post-judgment enforcement, including of the permanent injunction, which Mr. Philipson has continually violated since its entry.  Mr. Philipson has already appealed the judgment and the permanent injunction, the Sixth Circuit denied those appeals, and those rulings are final.  Contrary to Mr. Philipson's assertions, the requested categories of materials he seeks are not material to his appeals now pending before the Sixth Circuit, and the Court cannot envision how they would be likely to be relevant to any other appeal that could be filed in this matter.  See United States v. Coker, 23 F. App'x 413, 415 (6th Cir. 2001) (failure to demonstrate that proposed evidence is material warrants denying a motion under Rule 10).

As to the first category of documents, Mr. Philipson asks that, "if MAA contends that police reports, fraud reports, invoices, repair estimates, bills, chargeback records, or similar documents were used to support allegations that Defendant committed payment-card fraud or caused compensable losses in this action, those materials be filed or lodged[.]"  (ECF No. 390 at PageID 8678.)  When MAA moved for injunctive relief, it did, in fact, contend that Mr. Philipson committed credit card fraud, specifically that "[h]e used the internet and a computer or other computing device to fraudulently apply for credit cards in the name of MAA's counsel and her husband."  (ECF No. 82 at PageID 917; ECF No. 86 at PageID 1045.)  When MAA offered a description of the damages it suffered at the hands of Mr. Philipson, it asserted that it "incurred $953.80 in costs to provide credit monitoring/identity theft protection with LifeLock and Equifax for its counsel."  (ECF No. 99 at PageID 1580; ECF No. 101-1 at PageID 1591.)

After MAA filed the description of its damages, the Court explained that, "to the extent Mr. Philipson would like to reply to MAA's damages claims, he shall have fourteen days . . . to do so."  (ECF No. 100 at PageID 1585.)  Mr. Philipson never responded to MAA's damages claims. The Court found them reasonable and necessary, and awarded them to MAA.  (See ECF No. 122 at PageID 2224–26.)

Mr. Philipson had the opportunity to challenge the allegation that he committed credit card fraud or to the underlying damages that resulted from the fraud. He did not, at least not in a timely way before the judgment was entered against him. The question of whether there exists any police reports, fraud reports, invoices, repair estimates, bills, chargeback records, or similar documents that would support Plaintiff's allegation of credit-card fraud is immaterial, as any such records have no bearing on the settled findings of fact in this case which gave rise to the judgment entered against Mr. Philipson. Because those findings can no longer be challenged, the existence or non-existence of any credit-card related documents has no bearing on the liability Mr. Philipson faces for the judgment that was entered against him. To the extent the Court assesses additional sanctions against him going forward, it will be for future violations of the permanent injunction. The underlying judgment and permanent injunction are final and will remain undisturbed.

Mr. Philipson also asks that the record be supplemented to include third-party subpoenas actually issued and served in this action and actually used in the proceedings. But that information is not material to Mr. Philipson's current (and likely future) appeals, for the same reason that the credit-card fraud allegations are not material. Mr. Philipson asserts that the subpoenas "allegedly were used to identify Defendant and support relief in this action." (ECF No. 390 at PageID 8677.) To the extent that MAA used information gleaned from any third-party subpoenas in identifying Mr. Philipson as the person who, among other things, infringed on their trademarks, that information pertained to the judgment that is not the subject of any of Mr. Philipson's appeals and, as important, could not be, based on the fact that the judgment is final and unappealable.[4]

---

[4] Although Mr. Philipson makes a fleeting reference to a request for "materials that MAA actually used in this action or in its post-judgment proceedings in this Court" (Id. at PageID 8674 (emphasis added)), all of the materials he seeks to supplement the record with relate to pre-judgment matters.

Nevertheless, even if the credit card and subpoena-related information Mr. Philipson seeks to supplement the record with were material to his active appeals, the supplementation Mr. Philipson seeks would still be inappropriate.  That information would not "make the record conform to the truth," as Mr. Philipson suggests, but would, in fact, serve no purpose other than introducing new evidence.  Rule 10(e) "does not allow parties to introduce new evidence in the court of appeals."  Abu-Joudeh v. Schneider, 954 F.3d 842, 848 (6th Cir. 2020).  Instead, Rule 10(e) allows modification of the record by the district court in only two circumstances: (1) when the parties dispute whether the record actually discloses what occurred in the district court, and (2) when a material matter is omitted or misstated by error or accident.  United States v. Barrow, 118 F.3d 482, 487 (6th Cir. 1997).

As a starting point, Mr. Philipson does not appear to suggest that the supplementation he seeks is pursuant to the second circumstance.   And for good reason, as they are not the sort of omissions contemplated by Rule 10(e)(2).  Such omissions "may result from the error or inadvertence of the parties, the court reporter, the district court clerk or the judge."  United States v. Barrow, 118 F.3d 482, 487–88 (6th Cir. 1997).  The materials Mr. Philipson seeks were not omitted by error or inadvertence.

But Mr. Philipson also does not demonstrate that this is a genuine dispute about whether the record actually discloses what occurred before this Court.  Instead, the Motion is a clear effort to supplement the record with materials that were not before the Court and that the Court did not consider, in spite of Mr. Philipson's assertions that he "does not seek to supplement the record with new merits material never presented below.  He seeks only materials MAA actually used in this case or a sworn statement that particular categories were never before the Court."  (ECF No. 390 at PageID 8676.)

8

To begin, a sworn statement from Plaintiff would clearly constitute new evidence that this Court has never considered, and thus would constitute an impermissible supplementation of the record under Rule 10(e).  The same logic applies to Mr. Philipson's request to supplement the record with additional credit card and subpoena-related materials.  After all, "the purpose of amendment under [Rule 10] is to ensure that the appellate record accurately reflects the record before the District Court, not to provide this Court with new evidence not before the District Court, even if the new evidence is substantial."  Adams v. Holland, 330 F.3d 398, 406 (6th Cir. 2003).  In arriving at its judgment, the Court relied upon the record before it and not on any of the evidence that Mr. Philipson seeks to add to the record now.  A party may not, as Mr. Philipson seeks to do, "by-pass the fact-finding process of the lower court and introduce new facts in brief on appeal."  Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1012 (6th Cir. 2003) (citing Sovereign News Co. v. United States, 690 F.2d 569, 571 (6th Cir. 1982), cert. denied, 464 U.S. 814 (1983)).

As the Court has frequently noted, Mr. Philipson did not participate in the litigation, despite the Court's best efforts to get him to do so.  After sitting out the fact-finding process, he cannot now rely on Rule 10 to supplement the record with materials that he could have previously introduced to support his claims or defenses in the litigation.  See Vinton v. CG's Prep Kitchen & Cafe, 2010 WL 1416874, at *1 (W.D. Mich. Apr. 1, 2010) ("It should be clear that plaintiff's motion does not seek to ensure that the appellate record accurately reflects the record before this court.  Rather, plaintiff is attempting to obtain appellate review of this court's decision on a record different from the one presented to this court.")

For all of the foregoing reasons, Rule 10 does not provide Mr. Philipson with a basis for supplementing the record.

To the extent Mr. Philipson asserts that Federal Rule of Civil Procedure 5 provides a basis for granting his Motion, that argument is equally unpersuasive.  Mr. Philipson asserts that, "if discovery materials were actually used in connection with relief sought or obtained in the district court, the Court has authority to require their filing or lodging so the appellate record accurately reflects what occurred."  (ECF No. 390 at PageID 8676.)

Discovery materials are not filed on the docket under the Federal Rules and this Court's Local Rules.  To the extent Mr. Philipson asserts that they should have been, or that he is now entitled to them, that argument fails.  Under the Federal Rules, "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."  Fed. R. Civ. P. 5(d)(1)(A).  Mr. Philipson does not point to any discovery requests that were used in the proceeding that should have been filed on the record.

Moreover, to the extent that Mr. Philipson is seeking the production of third-party discovery materials, MAA asserts that request is improper because all of those materials were "already provided to him in the ordinary course."  (ECF No. 401 at PageID 9401.)  As MAA notes, when Mr. Philipson filed his first Motion to Correct the record, he admitted that at one point he had at least some of the materials that he is now seeking.  Mr. Philipson explained that "Plaintiff and its counsel relied on third-party subpoena returns and off-docket productions to secure orders and judgment later enforced in EDVA," and that "[c]opies previously in Defendant's possession were transmitted to federal authorities (DOJ and others) in connection with whistleblower activity; Defendant does not presently maintain complete local copies."  (ECF No. 318 at PageID 7141.)  So, even if the discovery at issue were relevant to the appeals now before the Sixth Circuit—which they are not—Mr. Philipson's failure to "maintain complete local

10

copies" of them, after he was previously provided with them, does not warrant or justify Court intervention.

For all the foregoing reasons, Mr. Philipson's Motion is **DENIED**.  That denial is without prejudice to the extent that he can seek to correct or modify the record under Federal Rule of Appellate Procedure 10(e)(2)(C), and (e)(3) in the Sixth Circuit.

**IT IS SO ORDERED,** this 12th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE