**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:23-cv-2186-SHL-cgc |
| DENNIS MICHAEL PHILIPSON, | ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING WITHOUT PREJUDICE MOTION TO RECONSIDER**

Before the Court is Defendant Dennis Michael Philipson's Objection and Rebuttal to ECF No. 407, Motion for Reconsideration and Record Settlement Under Fed. R. App. P. 10(e), and Request for Indicative Ruling Under Fed. R. Civ. P. 62.1, filed May 13, 2026.  (ECF No. 409.) Mr. Philipson characterizes the motion as "asking this Court to correct clear legal error, settle the Rule 10(e) dispute it was required to settle, and preserve a clean record for appellate review."  (Id. at PageID 9480.)  Mr. Philipson asserts that Plaintiff Mid-America Apartment Communities, Inc., "should be ordered to file or lodge the materials it actually used in this Court, or certify under 28 U.S.C. § 1746 that the disputed categories were not before the Court and were not relied upon by the Court."  (Id.)

Mr. Philipson is not entirely clear what he intends his filing to be treated as.  At certain points, he characterizes his filing as an objection and a rebuttal to ECF No. 407.  But he also separately explains that, "[t]o the extent this filing is treated as a motion for reconsideration, reconsideration is warranted to correct clear legal error and prevent manifest injustice."  (Id. at PageID 9487 (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)).) Mr. Philipson further explains that, "[t]o the extent Local Rule 7.3 informs the analysis, ECF No. 407 reflects a manifest failure to consider material facts and dispositive legal arguments presented

before the order: the request was for record settlement and certification of use/non-use, not merits supplementation." (Id.)  As Mr. Philipson notes in his filing, he "has filed a notice of appeal from ECF No. 407" with the Sixth Circuit Court of Appeals.  (Id. at PageID 9485 (citing ECF No. 408).)

The Court has previously issued orders in this case while Mr. Philipson has had appeals pending before the Sixth Circuit.  (See, e.g., ECF Nos. 310, 379, 410.)  But those orders, as the Court has explained, have dealt with the enforcement of the Court's judgment and permanent injunction.  Even when a party has a live appeal, the trial court retains jurisdiction to enforce its judgment.  (See ECF No. 310 at PageID 6898 (citing cases for the proposition that "[t]he Court retains jurisdiction to enforce its judgment in this case," and that, "[w]hile a district court's jurisdiction typically ends when a case is closed and judgment entered, a district court retains ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees") (citations and quotations omitted).)

Although the Court has previously noted that Federal Rule of Appellate Procedure 10(e) allows for record corrections before or after the record has been filed (ECF No. 407 at PageID 9467), the Court does not have the authority to reconsider an order when the very order is being appealed.  See Greer v. Strange Honey Farm, LLC, 114 F.4th 605, 612 (6th Cir. 2024) ("[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam)).  Nevertheless, there are multiple exceptions to Griggs's jurisdiction-divestiture rule, including that the court can take actions that will aid in the appellate process, as well as the so-called "clearly nonappealable order" exception that allows a district court to retain jurisdiction if a

2

notice of appeal is filed from an order for which "there is no serious dispute" as to its interlocutory nature.  Id. at 612–13.

The categories of actions a district court can take in aid of the appellate process is narrowly defined and does not include "actions that alter the case on appeal."  Id. at 613 (quoting United States v. Carman, 933 F.3d 614, 617 (6th Cir. 2019)).  Mr. Philipson's motion to reconsider seeks to do precisely that by altering the record before the Sixth Circuit, however, making that exception inapplicable.  Moreover, although the Court has serious doubts that ECF No. 407, which denied Mr. Philipson's request to correct and settle the record, is an appealable order, out of an abundance of caution, the Court will nevertheless refrain from substantively ruling on the motion to reconsider based on the pending appeal.

Accordingly, Mr. Philipson's Motion is **DENIED WITHOUT PREJUDICE**.  If the Sixth Circuit determines that ECF No. 407 is not an appealable order, Mr. Philipson may re-file his motion to reconsider.

**IT IS SO ORDERED,** this 26th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3